SKOWHEGAN BANK *versus* SAMUEL FARRAR & *al.*, and WILLIAM
G. CUTLER, *Trustee.*

To constitute the relation of trustee, there must be a privity of contract, ex-
press or implied, between the principal debtor and the alleged trustee, or,
the former must have entrusted and deposited goods and effects with the
latter.

Where one has possession of mortgaged property as the agent of the mortgagees,
to whom he is accountable, he is not chargeable therefor as the trustee of
the mortgager; for the mortgager has not *intrusted or deposited* the property
in his hands.

Nor, can he be regarded as having in his possession any goods, effects or
credits, which *he holds* under a conveyance fraudulent and void, as to the
defendant's creditors, for he has no conveyance from him. Such a case is
not within sect. 63, of c. 86, of Rev. Stat.

The holder of a negotiable note of a third person is not chargeable therefor,
as the trustee of the owner of the note, it being a mere chose in action.

By a mortgage bill of sale of "all the desks, chairs, trunks and *office furniture*
in" a certain office, the mortgager intended all the articles of use in the
office at the time should pass; and an iron safe, which was then used there,
would be embraced as an article of office furniture.

REPORTED by TENNEY, C. J., March Term, 1858.

This was an action against Samuel Farrar and Lysander
Cutler, as principal defendants, and William G. Cutler of
Dexter, and Ebenezer and Theron J. Dale of Boston, (the
last two being partners under the firm name of Johnson,
Sewall & Co.) as trustees.

The principal defendants were defaulted at a previous
term. To determine the liability of W. G. Cutler, as trustee,
he and the plaintiffs agreed that the case should be reported
for the adjudication of the full Court, upon the disclosures
which the trustee had made. It was admitted that notice had
been issued and served on said Dales to appear and maintain
their right under the mortgage to them from the principal
defendants, (which said Cutler disclosed,) as provided in Rev.
Stat., c. 86, sect. 32, and that said Dales did not appear.

From the disclosure, it appears that the principal defend-
ants, for several years prior to December 6, 1856, had been

extensively engaged in the manufacture of woolen goods, at their mills in Dexter, and were largely indebted to the said firm of Johnson, Sewall & Co.; that, on said Dec. 6th, they conveyed their mills, and also mortgaged to said creditors their stock on hand and all furniture, tools for manufacturing, &c., "all desks, chairs, chests, trunks and office furniture, now in and about the mills and manufactories."

The trustee was appointed soon afterwards as the agent of the said mortgagees, who continued to operate the mills. As their agent, the alleged trustee had possession of manufactured goods, at the time of the service of the writ upon him in this case.

It further appeared from the disclosure that, at the time he was summoned as trustee, there was in his possession a winnowing machine belonging to the principal defendants. He held, also, a negotiable note belonging to them, given by one Abbott, upon which there was then due about $100.

There was also an iron safe, in use in the office at the time the mortgage was made of the office furniture.

It also appeared that one of the principal defendants had conveyed, in mortgage, to the Mercantile Bank, certain real and personal estate, to secure certain notes due to the bank, which the trustee purchased and took assignments of the mortgages to himself.

The said trustee having been summoned to appear as agent for said Dales, protesting that he was not the agent of said Dales, except for certain specific purposes, nevertheless submitted himself to examination.

The disclosures are very voluminous; but the substance of them is given, so far as they relate to the points considered, in the opinion of the Court.

The case was argued by

*Coburn & Wyman*, for the plaintiffs, and by

*Josiah Crosby*, for the trustee.

The opinion of the Court was delivered by

APPLETON, J.— The trustee writ in this case bears date Nov. 24, 1857. It appears, from the disclosure of the supposed trustee, that Messrs. Farrar & Cutler, the debtors, on Dec. 6, 1856, mortgaged their personal property to Messrs. Dale, of Boston, who, in the February following, appointed the trustee, as their agent, to manage and dispose of the same, and that he has since acted as such, and was so acting at the time of the service of the trustee writ upon him.

By R. S., 1857, c. 86, § 4, it is provided that a service of the trustee process " on the trustee, shall bind all goods, effects or credits of the principal defendant, *intrusted and deposited in his possession*, to respond the final judgment in the action, as when attached by the ordinary process."

To constitute the relation of trustee, there must be a privity of contract, express or implied, between the principal debtor and the supposed trustee, or the former must have intrusted and deposited goods and effects with the latter. " It has never been considered," remarks REDFIELD, J., in *Barker* v. *Esty*, 19 Vermont, 131, " that it extended to any other class of debtors, or demands, than such as are the ordinary result of contract, express or implied, creating a fiduciary relation. It is the *fidii commissarius* of the civil, and the factor of the common law." The mere possession of property, without any claim to hold it against the owner by virtue of any contract or agreement, would not seem to be sufficient to hold one as trustee. *Staniels* v. *Raymond*, 4 Cush. 314. The trustee cannot be charged, unless he owes the principal debtor or has property of his in his possession. The trustee, in this case, holds the property mortgaged as the agent of the mortgagees, and is accountable to them. The principal debtors have neither intrusted nor deposited any goods or effects in his hands, so far as relates to the mortgaged goods, and he cannot be charged as their trustee on account of them.

The trustee, not having in his hands any goods, effects or credits of the principal debtors, so as to be regarded in any

way as their trustee, is not within § 32; which applies only where the relation of trustee arises. But here, there being no privity of contract, express or implied, the section does not apply.

The alleged trustee has not in his possession any goods, effects or credits of the principal defendants, which *he holds* under a conveyance fraudulent and void as to the defendants' creditors, for he has no conveyance whatever from them. The disclosure, therefore, cannot be regarded as within § 63.

Neither is the trustee to be charged by reason of the assignment to him by the Mercantile Bank of a mortgage, including the real and personal estate of Lysander Cutler, one of the principal defendants. The trustee gave his own notes as the consideration of the assignment. Nothing in the disclosure indicates that this mortgage was fraudulent or that it has been paid. The trustee, taking the assignment, is entitled to the same protection as if he had been the original mortgager. The plaintiffs have not brought the case within § 50. *Atkins* v. *Vickery,* 42 Maine, 132.

The trustee cannot be charged for the negotiable note of Abbott, that being a mere chose in action.

The safe is included in the phrase "all the desks, chairs, chests, trunks and office furniture." The assignment is most general, and the intention of the assignor was to pass all the articles of use, in the office at the time.

The trustee is to be charged for the winnowing machine.

TENNEY, C. J., and RICE, CUTTING, MAY, and DAVIS, J. J., concurred.