## Southern Pacific Company v. John Graham.

### No. 818.

**1. Venue—Transitory Action—Suit in Another State.**

A foreign railway corporation whose line of road extends through New Mexico and Texas, may be sued in a court of the latter State by a resident of New Mexico,

for the value of personal property in New Mexico, destroyed by fire from its engine, but the Texas court may, at its option, decline to take cognizance of such case.

**2. Misnomer in Name of Corporation—Plea in Abatement—Limitations.**

A misnomer in the name of a defendant corporation, where citation is duly served on the proper party, must be taken advantage of by plea in abatement, and where the defendant answers to the merits, without objection to the misnomer, it cannot, after the action would be barred, plead limitation as against an amendment correcting the misnomer.

**3. Foreign Law—Presumption.**

In the absence of allegations and evidence to the contrary, it will be presumed, in an action transitory in its nature and arising in another State, that the laws governing a recovery there are the same as those of Texas.

APPEAL from El Paso. Tried below before Hon. C. N. BUCKLER.

*Davis, Beall & Kemp*, for appellant.—1. The court erred in overruling the defendant's exceptions raising the question of the court's jurisdiction upon the grounds that the parties to the suit were both non-residents of Texas; that the alleged cause of action arose in New Mexico; and that the same was local and not transitory. Shaw v. Quincy Mining Company, 145 U. S., 444; Southern Pacific Company v. Denton, 146 U. S., 202; Penn. R. R. Co. v. Railway, 118 U. S., 290.

2. The court erred in overruling the defendant's demurrer raising the question of limitation as to this defendant, "The Southern Pacific Company."

*M. W. Stanton* and *W. W. Turney*, for appellee.—1. As the cause of action pleaded by plaintiff is transitory, and is so recognized by the common law, the trial court therefore had jurisdiction to try said cause, though the cause of action in fact arose without the State of Texas, and in the Territory of New Mexico, and though the court was of the opinion that both of said parties were non-residents. Willis v. Railway, 61 Texas, 432; Railway v. Worley, 25 S. W. Rep., 478; Blackstone's Com., book 4, p. 67; Dicey on Parties, 67; Rorer on Interstate Law, 6-10, 31-36, 199; Brantley on Personal Property, secs. 322, 323; Bishop on Non-Contract Law, sec. 1278; Hurley v. Railway, 57 Mo. App., 675.

2. Though the domicile of defendant company is in the State where it is created, still, under the laws of the State of Texas, it is a resident of this State, and may be sued wherever it is found, under the terms of the statute appertaining to the venue of and suits against railroad corporations; nor is there any principle or rule of law excepting the defendant company or similar corporations from liability to be sued in all transitory actions the same as natural persons. Railway v. Worley, 25 S. W. Rep., 478; Rorer on Interstate Laws, 32-36; St. Clair v. Cox, 106 U. S., 350; Insurance Co. v. French, 18 How., 404, 407; Paul v. Virginia, 8 Wall. (U. S.), 168; Dennick v. Railway, 103 U. S., 11; Herrick v. Railway, 47 Am. Rep., 771; Laird v. Railway, 18 Am. St. Rep., 564; Toppino v. Railway, 5 Lea, 600; Railway v. Higgins, 85 Tenn., 620; Railway v. Swearingeh, 33 Ill., 289; Thomas v. Placerville Min.

Co., 65 Cal., 600; People v. Railway, 48 Barb., 478; Alley v. Caspari, 80 Me., 234.

3. It being admitted that the agent of defendant company was served with process, and the defendant having failed to plead in abatement, it waived any right to object to such misnomer, or interpose limitation to plaintiff's cause of action. Insurance Co. v. French, 18 How. (U. S.), 404; Wilson v. Baker, 22 Iowa, 423; Burnham v. Savings Bank, 5 N. H., 446; Lehman v. Warner, 61 Ala., 455; Sunapee v. Eastman, 32 N. H., 470; Bank v. Jaggers, 100 Am. Dec. (Md.), 53; Medway Manf'g Co. v. Adams, 10 Mass., 360; African Society v. Vorick, 13 Johns (N. Y.), 38; Gray v. Mon. Nav. Co., 37 Am. Dec. (Pa.), 500.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellee on September 20, 1892, against a defendant described as the Southern Pacific Railway Company, for damages arising from the destruction of a certain windmill and tower and a dwelling house and its contents situated in Dona Ana County, New Mexico. It was alleged that the Southern Pacific Railway Company was a foreign corporation, with an agent in El Paso, Texas, and that appellee was a resident of New Mexico. An amended petition was filed on June 22, 1895, in which the defendant was styled the Southern Pacific Company, in which, in addition to the allegations in the original petition, it was alleged that the original petition correctly described the local agents of the appellant, but by mistake it had been designated the Southern Pacific Railway Co., and that in fact the railroad was operated by appellant when the fire occurred that destroyed the property. To this petition appellant interposed pleas that the claim was in its nature local and not transitory, that the property was destroyed in New Mexico, and the cause was not in the jurisdiction of the trial court, and that the cause of action was barred by limitation. For answer, in addition to a plea of not guilty and general denial, it was alleged that if the property was destroyed, it was near the line of the Southern Pacific Railroad Company, in New Mexico, and denied that appellee sued appellant under a misnomer, and that the cause of action was barred by limitation. The proper construction of the appliances of the engine were also pleaded. The exceptions were overruled, and the cause being tried by a jury, resulted in a verdict and judgment for appellee for $693.75.

Personal property of appellee of the value for which the verdict was rendered was destroyed by the negligence of appellant. The spark arresters used on the locomotive of appellant were defective, and emitted large sparks or cinders which fell on the roof of appellee's house, and it, with its contents, was consumed.

The first and third assignments are not well taken. Under the statutes of Texas, it may be true that the District Court of El Paso County was not compelled to assume jurisdiction of and try a cause, even though it was transitory in its nature, and had the District Court, in the exercise of a sound discretion, refused to entertain jurisdiction of the case

at all, this court would not have felt called upon to review its action. The court, however, had the power to try the case as to the personal property between citizens of other states, even where the cause of action arose in another state, and when it assumed jurisdiction, its action will not be disturbed in the absence of any facts tending to show that there was an abuse of its discretion.   Morris v. Railway, 78 Texas, 17; Gardner v. Thomas, 14 Johns., 133.

We are of the opinion that the cause of action, so far as it concerned the personal property, was a cause that might have arisen anywhere, and was therefore transitory.   Cooley on Torts, 471.   The action, so far as it concerned the house, could only have arisen where the house stood, and was local.   We cannot go into the question of fixtures and inquire into the possibility of the owner at some day removing the house, and giving it the character of personal property.

The second and fourth assignments of error raise the question of limitation.   It is contended that the suit having been originally brought against the Southern Pacific Railway Company, and the amendment setting up a mistake in the name, and alleging that appellant was the corporation intended to be sued, having been filed after the expiration of the statutory time, that the cause of action was barred.   In the original petition the corporation is described as operating a railroad into and through El Paso County, Texas; that it was a foreign corporation; that appellee's property was situated on the railroad owned and operated by the defendant, at a point known as "Hatch's Spur," and that H. D. Platt and Frank Voelcher were the agents of the corporation.   To this there was no plea suggesting that the wrong defendant had been brought into court.   In the amended petition the defendant is described in the same way, and it is alleged that its name had been incorrectly given in the original petition, that the citation had been served on the agent of appellant, and that the attorneys of appellant had appeared and answered to the petition without any effort to correct the misnomer or mistake in name, and that the corporations were one and the same.

It was proved that no such corporation as the Southern Pacific Railway Company was in existence; that there was a "Southern Pacific Railroad Company," a New Mexico corporation, and that the Southern Pacific Company, a corporation chartered by the laws of Kentucky, had legally leased and was operating the railroad of the New Mexico corporation; that the Kentucky corporation owned the engine from which the sparks that caused the fire were emitted, and employed those operating it.   It was also shown that it was the intention to sue the Southern Pacific Company, and that the word "Railway" was interpolated by mistake; that suits had been brought against the Southern Pacific Railway Company, which had been paid and settled by the "Southern Pacific Company."   The testimony, in fact, shows clearly, not that the wrong defendant had been sued, but that no such corporation had ever existed as the "Southern Pacific Railway Company," and there was clearly a misnomer of the "Southern Pacific Company."   This being the case,

the amendment curing the defect was properly allowed. In an Alabama case it was held, "that there is a well marked distinction between a misnomer, which incorrectly names a corporation but correctly describes it, and the statement in the pleading of an entirely different party." Smith v. Plank Road Co., 30 Ala., 650.

Commenting on the above, Thompson, in his work on corporations (vol. 1, sec. 293), says: "The distinction is that an amendment is always allowable, curing a mere misnomer of the real party which sues, but that an amendment is not allowable introducing an entirely different party as plaintiff, unless such party may properly be introduced as the successor in interest of the party originally bringing the action. And the same rule would, it is supposed, apply, mutatis mutandis, where a corporation is defendant." It has always been the rule to hold that a variance or mistake in the names of existing persons is not fatal to their contracts, when there is sufficient description of the parties whereby they may be known, but the question whether this applied to corporations which must sue and be sued in the corporate name has not been as well settled. In an early English case, The Mayor and Burgesses of Lynn Regis, the defendant, who was sued on an obligation given to a corporation, interposed a plea of non est factum, and relied upon a variance in the bond from the true name of the corporation. The court gave judgment for the corporation. In another English case, it was urged that the corporation, being a creature of the law and having no vitality except that given to it by the statute by a certain name, misnomer could be taken advantage of on the trial. It was decided that it could not so be taken advantage of, and was only pleadable in abatement, as in the case of a person. Commenting on the above cases, the Supreme Court of Massachusetts said: "It may be objected that the variances in the cases cited of misnomer of corporations are not considerable or material, as the variance is in the case at bar, where the name of the promisees, as it is expressed in the notes, is totally different from the name of the plaintiffs in their corporate capacity. The inquiry, however, is, in this case, as it was in the cases of misnomer which have been cited, of the description of the promisees, or parties in the note or contract declared on. Does the name in the note sufficiently indicate the plaintiff? Were they known by it as the promisees? Now this depends, in part at least, upon an inquiry of facts, which may or may not be proved; and which may be provable by evidence extraneous to the note." Medway Manufacturing Co. v. Adams, 10 Mass., 360. The Supreme Court of the United States, discussing the same matter, approves the Massachusetts case, and says, "the only question open here is, whether, if a mistake be made in the name of a defendant, and he fails to plead it in abatement, the judgment binds him, though called by a wrong name. Of this we have no doubt. Evidence that it was an erroneous name of the same person must therefore be admissible; otherwise a mistake in the defendant's name instead of being available only by a plea in abatement, would render a judgment wholly inoperative."

Insurance Co. v. French, 59 U. S., 451. The case of Southern Pacific Company v. Block Bros. 84 Texas, 21, seemingly is in conflict with the opinions cited, where the Southern Pacific Railway Company was cited, and after amendment judgment rendered against the Southern Pacific Company, it was held that the two corporations were distinct entities, and the judgment by default was erroneous. The conflict, however, is only seeming and not real. In the Block case the Southern Pacific Railway Company was cited, and afterwards an amendment was filed stating the name of the defendant as the Southern Pacific Company. There was no service of the amendment on the Southern Pacific Company, and in the absence of any appearance on the part of the latter company, and without proof as to identity, it was rightly held that a judgment by default was improperly taken. The case before us is totally different from that. The proof shows that no such corporation as the "Southern Pacific Railway Company" had ever existed. Citation to this non-existent corporation was served on the agents of appellant, and its attorneys appeared and defended, never in any manner hinting at the misnomer. Who were they representing? Not the impossible "Southern Pacific Railway Company;" it was a myth, and we cannot entertain the thought for a moment that they would so trifle with a court as to appear as attorneys for a corporation not in existence. Should it be held that the Southern Pacific Railway Company is identical with the Southern Pacific Railroad Company, which was the owner and lessor of the railroad on which the property was destroyed, still there is nothing in the record that tends to show that the latter had any agents or attorneys in El Paso County, and the fact remains that the attorneys of the appellant appeared and answered for it.

The uncontradicted evidence shows that the property of appellee was destroyed by very large live cinders from the locomotive of appellant. It was shown without contradiction that cinders of the size of those in question could not escape from a locomotive with proper appliances, and while the third paragraph of the charge may have required more at the hands of appellant than the law demanded, yet, in view of the testimony, it could not have injured appellant. Any error in the paragraph above mentioned was cured by a charge asked by appellant and given by the court. There is no complaint that there was a conflict between the requested instruction and the charge of the court.

All the issues raised in the assignments have been disposed of, and finding no error, the judgment of the District Court is affirmed.

*Affirmed.*

Delivered January 15, 1896.

ON REHEARING.

FLY, ASSOCIATE JUSTICE.—The evidence shows that the same agents and attorneys who appeared for the company first named appeared for the one named in the amended petition. In the answer to the original

petition, there was no suggestion that the wrong defendant was in court, although it claims it was not operating the road, but contributory negligence on the part of appellant and the safe condition of the spark arresters were fully pleaded. After the time had elapsed which would bar the claim, and the name of the party sued was amended, it was then made known that the agents of appellant were before the court representing another corporation and not appellant. Such action would not succeed were individuals concerned, and we can see no reason why there should be a different rule as to the corporations.

In 1888, a case very similar to the one before us was decided by the Supreme Court of Illinois. In that case the suit was originally brought against the Pittsburgh, Fort Wayne and Chicago Railroad Company. The citation was served on the agent of the Pennsylvania Company, against whom it was intended to bring the suit, and the Pennsylvania Company appeared by its solicitors, and without pleading in abatement pleaded to the merits. After an amendment setting up the mistake in the name, the Pennsylvania Company pleaded limitation. To answer this plea, the plaintiff contended that the Pennsylvania Company was the one sued in the first place, but that it was sued by the wrong name, to-wit: the Pittsburgh, Fort Wayne and Chicago Railroad Company. The court said: "The law undoubtedly is, that where the real party in interest and the one intended to be sued is actually served with process in the cause, even though under a wrong name, he must take advantage of the misnomer by plea in abatement in such suit, and if he does not, he will be concluded by the judgment or decree rendered, the same as if he was described by this true name. If the Pennsylvania Company was the real party sued and served, though by the wrong name, it should have pleaded the misnomer in abatement. It did not do so." Pennsylvania Company v. Sloan, 8 Am. State Rep., 337. In the case above cited, the Pittsburgh, Fort Wayne and Chicago Railway Company had leased its road to the Pennsylvania Company. The following cases are also in point and sustain the decision of this court: Bank of Utica v. Smalley (N. Y.), 14 Am. Dec., 526; Trull v. Howar (Mass.), 57 Am. Dec., 85.

We adhere to the opinion that there was no error in the District Court assuming jurisdiction of the part of the claim that was transitory. The jury was instructed that appellee could not recover for the value of the house, and the verdict was only for the value of the personal property in the house. The case of Railway v. Jackson, decided by the Supreme Court since our opinion was rendered (33 S. W. Rep., 857), is cited as being in conflict with the opinion in this case. The cause of action in the Jackson Case originated in the Republic of Mexico, and the grounds upon which it was held that the Texas courts had no jurisdiction seem to be the dissimilarity of the laws of Mexico to those of Texas, and the overburdened condition of the dockets of the courts of Texas. The laws of New Mexico were not alleged and proved in this case to be different from those of Texas, and in the absence of such allegation and proof,

they will be presumed to be the same.   Porcheler v. Bronson, 50 Texas, 555;  Abercrombie v. Stillman, 77 Texas, 589;  Armendiaz v. Serna, 40 Texas, 291;  James v. James, 81 Texas, 373.

There is no evidence in the record that the docket of the District Court of El Paso County is overburdened with cases, and this court certainly has no judicial knowledge of the condition of the docket of any court in Texas, except its own, and therefore this ground can have no force in shaping the decision in this case.   As said by the Supreme Court, in the Jackson Case, "This is a transitory action, and may be maintained in any place where the defendant is found, if there be no reason why the court whose jurisdiction is invoked should not entertain the action."   No reason has been shown why the District Court of El Paso County should not have assumed jurisdiction of the case.

The motion is overruled.

*Overruled.*

Delivered February 19, 1896.