## McCord-Collins Co. v. J. T. Pritchard.

Decided December 10, 1904.

**Misnomer in Name of Corporation—Error Waived by Answer.**

Plaintiff sued the McCord-Collins Commerce Co. for personal injury, and an answer consisting of a general denial and a plea of contributory negligence, was filed "for the defendant," without any name being stated. On the trial it developed that defendant's name was the "McCord-Collins Co.," and after a new trial granted plaintiff amended and defendant interposed a plea of limitations, two years having then expired since the cause of action accrued. Held, that the jury were warranted in finding that the original answer was filed on behalf of the real defendant, and there having been no plea of misnomer, the error of name was waived.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*John W. Wray,* for appellant.

*McLean, Booth & Morton,* for appellee.—Where suit is brought against a corporation correctly describing it, and its business, and its attorney defends without a plea in abatement, and the evidence clearly identifies the defendant, an amendment to the petition correcting a misnomer of defendant is properly allowed. And in such case the statute of limitations does not run against plaintiff during the time suit was pending before amendment. Southern Pacific Co. v. Graham, 34 S. W. Rep., 135; The Lafayette Ins. Co. v. French, 18 How., 340; Tryon v. Butler, 9 Texas, 553; Smith v. Plank Road Co., 30 Ala., 650-663; First National Bank of Baltimore v. Jaggers, 31 Md., 38 (s. c., 100 Am. Dec., 53); 30 Amer. St. Rep., 543-544; 1 Black on Judgments, vol. 1, sec. 213; Thompson on Corp., vol. 1, sec. 293; vol. 6, sec. 7613, 7614.

SPEER, ASSOCIATE JUSTICE.—On February 18, 1899, the appellee received certain personal injuries while in the building occupied by the appellant as a wholesale grocery house in the city of Fort Worth. He filed suit to recover damages on May 9, 1899, alleging the name of the defendant to be McCord-Collins Commerce Company. The petition described the building in which the business was carried on, and the citation was served on J. Burnett Collins who was then and is now the president of the appellant company. An answer was filed on February 12, 1900, containing a general demurrer and general denial, which was signed by counsel as "attorney for defendant." On April 21, 1900, an amended answer was filed in the name of "the defendant," without specially disclosing the name of the defendant for whom such answer was intended. The case came on for trial June 3, 1901, when it was discovered that the McCord-Collins Commerce Company was not the name of the defendant intended to be sued, but that its true name was McCord-Collins Company. The appellee was apprized of this error by the introduction in evidence upon the part of the defendant of the charter of the present appellant showing its name to be as above indicated. Thereupon appellee, by trial amendment, made the proper correction curing the misnomer of the defendant. The court directed the jury to find for the McCord-Collins Commerce Company, and a new trial was subsequently granted. Appellee again amended dismissing his cause of action as to the McCord-Collins Commerce Company, and continued the cause for service upon the McCord-Collins Company, which was afterwards served with citation, and answered among other things with a plea of the statute of limitations of two years.

It will be observed that at the time of the filing of the trial amendment above referred to, more than two years had elapsed since the happening of the injury. After the service of citation upon the appellant company the court sustained the special demurrer to appellee's petition and cause of action on the ground that it was barred by the statute of limitations of two years, but that judgment was subsequently reversed by this court and the cause remanded for another trial. Prichard v. McCord-Collins Company, 30 Texas Civ. App., 582, 71 S. W. Rep., 303. The trial resulting in the judgment sought to be reversed on this appeal was had upon appellee's fourth amended petition, supplanting all former pleadings, in which it was alleged, among other things, in effect, that appellant company was the company intended to be sued at all times; that it understood such to be the fact, and that it had in reality appeared and answered in the case upon the several dates hereinbefore referred to as the dates of filing defensive pleadings by "the defendant." The case was submitted to a jury upon special issues, upon the answers to which the court rendered judgment in favor of the appellee for the sum of $900 damages.

In the view we take of the case the 8th special finding of the jury to the effect that the original answer filed February 12, 1900, and the amended answer filed April 21, 1900, were filed for and on behalf of the appellant, if supported by the evidence, is decisive of all questions in this case and necessarily leads to an affirmance of the judgment. Of course if appellee really intended to sue the appellant, and the jury has

found that he did, and if appellant appeared and answered his suit, it is immaterial whether it was ever served with citation or whether it was correctly described in his petition. An answer failing to suggest the misnomer would amount to a waiver of such irregularity and authorize a judgment against it. If it desired to avail itself of such irregularity it should have done so by a plea in abatement interposed at the proper time, to which appellee could properly have replied by an amendment curing the misnomer. Southern Pacific Company v. Graham, 12 Texas Civ. App., 565, 34 S. W. Rep., 135. Treating the action of appellant in introducing in evidence the certificate of its incorporation showing its real name as having the same effect as a plea in abatement, it will be observed that the appellee immediately by trial amendment corrected the name of the defendant and sought judgment against it according to such correction. It is insisted, however, that the evidence is insufficient to support the finding of the jury, and, moreover, that the issue should not have been submitted to the jury at all, and that the court should himself have passed upon this issue from an inspection of the record before him. But with these contentions we can not agree.

The several answers referred to in no way disclosed the name of the defendant answering, and necessarily extrinsic matters were to be resorted to to determine the real party filing such pleadings. With respect to the sufficiency of the evidence to support the findings it is enough to refer to the amended answer filed April 21, 1900, containing, among other things, the following special plea: "And further answering herein defendant says that if the plaintiff received the injuries that he complained of, that the same was due to his own negligent conduct, and but for his own reckless and wanton disregard of his safety would not have occurred, for defendant shows that at the time the elevator began to descend from which the box fell that struck plaintiff, that plaintiff was about 10 feet southwest of said elevator and in a place of safety, and that after seeing that an accident had happened to said elevator and after the man therein had fallen from said elevator to the floor on which plaintiff was, and his truck and boxes were about to fall, which plaintiff saw and which defendant alleges plaintiff could have seen by the exercise of ordinary care, plaintiff, in disregard of his safety, went near to said elevator and under said box which was balancing on the truck above and which was about to fall; that it was wholly unnecessary for plaintiff to have gone so close to and under said elevator while it was so suspended between the floor on which plaintiff was standing and the floor above, said elevator being at the time above the gate which protects the elevator shaft and in such condition there was nothing to prevent the box falling. That plaintiff could easily have avoided said accident had he exercised any care in the premises, but instead thereof his own acts contributed to and were the real cause of his said injury, if any he received. Defendant further says that it did not conduct a retail grocery store or keep for sale in such quantities as plaintiff desired the articles which plaintiff wished to purchase; that it never offered to sell and never solicited the trade of others than retail dealers or those buying in large quantities; that plaintiff well knew this; that if plain-

tiff entered any wholesale house of defendant to make a purchase, which he alleges and which defendant denies, then defendant shows that it was his purpose to buy the same in a quantity less than defendant ever .offered to sell or was willing to sell, and that defendant had no employes, as alleged by plaintiff, who were authorized to sell at retail; that if plaintiff was hurt by defendant's employes, as he alleges and defendant denies, that he was not in the house by the permission of defendant, but as an intruder and trespasser, and that none of defendant's employes were authorized to permit plaintiff to go into the warehouse or store where he alleges he was hurt; that said bulding in which plaintiff claims to have received said injury has not and had not at said time, a passenger elevator, but the accident complained of by plaintiff occurred at a freight elevator used solely for that purpose, and that there was a stairway leading .to the floor on which plaintiff claims to have been injured and which he could and should have used and which was used by persons other than employes in the building for going from one floor to another, and that it was safe and convenient; that none of defendant's employes had authority to allow the plaintiff to ride upon said freight elevator, and this plaintiff well knew."

This answer clearly purports to be the answer of the company inflicting the injury, or at any rate, is such an answer as the company, under such circumstances, would be authorized to make, and can hardly be said to be such an answer as the McCord-Collins Commerce Company, a foreign corporation wholly unconnected with the injury, would be expected to make in the case. Counsel for appellee has well said that the hand may be the hand of Esau, but the voice is the voice of Jacob. Not only do the pleadings of the defendant appear to be those of this appellant, but it is noted that one of the attorneys who filed the special answer above referred to is also one of the attorneys signing the last amended answer filed in the trial court subsequent to the dismissal as to the McCord-Collins Commerce Company, and the service of citation upon appellant. Southern Pacific Company v. Graham, 12 Texas Civ. App., 565, 34 S. W. Rep., 135.

As tending to a conclusion that appellant had not appeared in the case prior to the service of citation upon it, counsel calls our attention to the fact that the appellee caused the case to be continued after the dismissal as to the McCord-Collins Commerce Company for the purpose of procuring service of citation upon the appellant. But it is apparent, we think, that this action upon the part of appellee was involuntary and was taken for .the purpose of meeting the views of the trial court as to the necessity for an actual service of citation upon appellant before he would be authorized to render judgment against it. But even if this be a circumstance to be considered against appellee upon this issue, there is, nevertheless, as we have shown, sufficient evidence to authorize the finding of the jury that appellant had appeared in the case prior to the bar of the statute of limitations.

It is unnecessary to notice in detail the various assignments of error, since our conclusions upon this issue necessarily dispose of them all.

The judgment is affirmed.                                   *Affirmed.*

Writ of error refused.