MECCA FIRE INS. CO. (MUT.) OF WACO
v. FIRST STATE BANK OF
HAMLIN.

(Court of Civil Appeals of Texas. Feb. 18,
1911. Rehearing Denied March 18,
1911.)

1. FIXTURES (§ 7*)—BANK SAFE.

Where a bank safe was not attached to the
building by bolts or screws, irons, or nails, it
was not a fixture, as such term includes only
articles attached in some manner to the build-
ing (citing 3 Words and Phrases, 2832).

[Ed. Note.—For other cases, see Fixtures,
Cent. Dig. §§ 7–13; Dec. Dig. § 7.*]

2. INSURANCE (§ 163*)—BANK "FURNITURE"
—SAFE.

An iron safe contained in a bank was "fur-
niture" within a policy insuring the bank's fur-
niture and fixtures.

[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 339–346; Dec. Dig. § 163.*

For other definitions, see Words and Phras-
es, vol. 4, pp. 3013–3016.]

3. COURTS (§ 121*)—JURISDICTION—AMOUNT
IN CONTROVERSY.

Plaintiff sued originally to recover $1,000,
the full amount of an insurance policy. After
the suit was entered, settlement was obtained
as to all property except the safe, for which
the insurer declined to pay. After settlement
plaintiff filed an amended petition to recover
damages to the safe only, alleging such damage
to be $750, and prayed judgment for three-
fourths of that amount. Defendant then filed
a plea to the jurisdiction that the damage to
the safe did not exceed $555.75, and that, if
it was covered by the policy, it would be only
liable for three-fourths of such sum, and that
the alleged value stated in the amended peti-
tion was not alleged in good faith, but solely
to confer jurisdiction on the trial court. Held,
that the amount claimed in the original peti-
tion, and not that stated in the amended peti-
tion, controlled in determining the trial court's
jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent.
Dig. §§ 413–426; Dec. Dig. § 121.*]

4. CORPORATIONS (§ 508*) — EFFECT — CORPO-
RATE NAME—MISTAKE—WAIVER.

Where defendant corporation, though not
sued in its proper name, appeared and answer-
ed the merits of the petition, which asserted a
cause of action otherwise sufficient as against
defendant which was the incorporation intend-
ed to be sued, without suggesting the misnomer,
the mistake was waived.

[Ed. Note.—For other cases, see Corporations,
Cent. Dig. § 2003; Dec. Dig. § 508.*]

5. PROCESS (§ 156*) — QUASHING — TIME —
WAIVER.

Where an action was continued to a sub-
sequent term after defendant had filed an an-
swer to the merits on the original petition, the
court properly refused to quash the citation un-
der Sayles' Ann. Civ. St. 1897, arts. 1242, 1243.

[Ed. Note.—For other cases, see Process,
Cent. Dig. § 211; Dec. Dig. § 156.*]

Error from District Court, Jones County;
C. C. Higgins, Judge.

Action by the First State Bank of Hamlin
against the Mecca Fire Insurance Company
(Mutual) of Waco. Judgment for plaintiff,
and defendant brings error. Affirmed.

W. L. Eason, for plaintiff in error. Wood-
ruff & Woodruff, Geo. M. Shelton, Spence,
Knight, Baker & Harris, and Alex. F. Weis-
berg, for defendant in error.

DUNKLIN, J. The Mecca Fire Insurance
Company (Mutual) of Waco, Tex., has prose-
cuted this appeal from a judgment recovered
against it by the First State Bank of Hamlin
for damages by fire to an iron safe. At the
time of the fire, appellee held a fire insurance
policy issued by appellant describing the
property insured as appellee's "bank furni-
ture and fixtures, adding machine and books."
It is insisted that the safe was neither fur-
niture nor fixtures, and therefore was not
covered by the policy. The trial court found
that the safe "was not attached to the build-
ing by bolts or screws, irons, or nails, but
was a necessary piece of furniture to carry
on the business of the bank." [1] Unless the
safe was in some manner attached to the
building, it could not be termed a "fixture."
See decisions cited in notes 19 Cyc. 1035; 3
Words and Phrases, 2832. [2] But as it was
situated in the building as any other article
of furniture and was necessary to a proper
conduct of appellee's business, we think it
was included in the language "bank furni-
ture," especially under the rule that, if it
be doubtful what goods are covered by the
policy, the doubt will be solved in favor of
the insured. 2 May on Ins. § 420; Brody v.
Chittenden, 106 Iowa, 524, 76 N. W. 1009;
Fore v. Hibbard, 63 Ala. 410, 412; Curtis v.
Martz, 14 Mich. 506, 512; Skowhegan Bank
v. Farrar, 46 Me. 293.

[3] In appellee's original petition it was
alleged that articles covered by the policy,
other than the safe, were destroyed by fire,
that all the property destroyed was of the
value of $2,500, and a recovery was sought
for $1,000, which was the full amount of the
policy. After the suit was instituted and
after appellant filed an answer thereto, the
parties settled the claim for damages based
upon the destruction of all property except
the safe, but appellant declined to pay any
sum for damages claimed on the safe upon
the contention that it was not covered by
the policy. After this settlement, appellee
filed its first amended original petition, in
which a recovery was sought for damages to
the safe only. The amount of damages to
the safe was alleged to be $750, and judg-
ment was sought for three-fourths of that
amount. Appellant then filed a plea to the
jurisdiction of the court, alleging that the
damage done to the safe by the fire did not
exceed $555.75; that, if the safe was cover-
ed by the policy, then under the terms of the
policy appellant's liability was three-fourths
only of the loss; and that the allegation in
the amended petition of $750 as the damages
to the safe was not made in good faith, but

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

for the sole purpose of conferring jurisdiction upon the trial court.

The trial court found that the damage to the safe was $555.75 and rendered judgment in appellee's favor for $416.81, which was three-fourths of the damage. The trial judge further found that the allegation of $750 as the amount of damage to the safe was made for no other purpose except to confer jurisdiction upon that court; and appellant insists that under this finding the trial court was without jurisdiction to determine the merits. This contention is based upon the theory that, the amended petition having taken the place of the original petition, the allegations contained in the original petition should not be considered in determining the question of jurisdiction. The precise question was before our Supreme Court in the case of Nashville, C. & St. L. Ry. Co. v. Grayson Co. Nat. Bank, 100 Tex. 17, 93 S. W. 431, and it was there held that under such circumstances the amount claimin the original petition will be considered the amount in controversy in determining whether or not the trial court had jurisdiction to adjudicate the issues. See, also, Jackson v. Corley, 30 Tex. Civ. App. 417, 70 S. W. 570. It seems that a different rule obtains when the amount claimed is reduced to a sum below the jurisdiction of the court by rulings on demurrers addressed to the petition. W. U. Tel. Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8.

[4] In the original petition the "Mecca Fire Insurance Company," instead of the "Mecca Fire Insurance Company (Mutual) of Waco, Texas," the correct name of the insurer, was alleged to be the defendant against whom a recovery was sought. A citation issued upon this petition was served upon appellant, who filed an answer to the merits of the petition. The case was then continued to a subsequent term of the court, when appellee filed its first amended original petition referred to above, in which the name of the defendant was alleged to be the "Mecca Fire Insurance Company (Mutual) of Waco, Texas," and no citation was issued thereon. The fire occurred September 30, 1907. The original petition was filed February 10, 1908, and the amended petition was filed January 8, 1909. The contention is made that prior to the time the amended petition was filed appellant was not legally in court, because it had not been sued by its proper corporate name; that the filing of the amended petition was the beginning of the suit against it; and that the court erred in refusing to give effect to the clause contained in the policy reading: "No suit or action on this policy, for the recovery of any claim shall be sustainable in any court of law or equity, * * * unless commenced within twelve months after the fire." The decision of our Supreme Court in Southern Pacific Co. v. Block, 84 Tex. 21, 19 S. W. 300, is relied on to support the contention now under discussion. The judgment from which the appeal was prosecuted in that case was by default against the Southern Pacific Company upon an amended petition alleging a cause of action against that company and upon which no citation was issued or served. The original petition was filed against the Southern Pacific Railway Company, and, although service issued on that petition was served upon the Southern Pacific Company, that company filed no answer to it. Upon that showing our Supreme Court held, in effect, that service of citation to answer the original petition was insufficient to support the judgment rendered. A material distinction is recognized by the authorities between that case and one in which a corporation appears and answers the merits of a petition intended to be against it, but incorrectly designating it by name, and which asserts a cause of action otherwise sufficient as against the corporation intended to be sued. Under such circumstances, the corporation so appearing, and, without suggesting the misnomer, answering the merits of the petition, will be held to have waived the mistake of name, and the suit will be deemed to have been pending against the corporation so answering from and after the date of such appearance. McCord-Collins Co. v. Pritchard, 37 Tex. Civ. App. 418, 84 S. W. 388 (writ of error denied by Supreme Court); Southern Pacific Ry. v. Graham, 12 Tex. Civ. App. 565, 34 S. W. 135.

[5] As the case was continued to a subsequent term of court after appellant had filed an answer to the merits of the original petition, the assignment of error complaining of the action of the court in overruling its motion to quash citation is without merit. Sayles' Civ. St. 1897, arts. 1242, 1243.

We have found no error in the record, and the judgment is affirmed.