WELLS FARGO & CO. EXPRESS. v. BILKISS.

(Court of Civil Appeals of Texas. March 29 1911. Rehearing Denied April 26, 1911.)

1. Costs (§ 246*) — Appeal — Security for Payment.

Where defendant appeals from a justice's court to the county court, plaintiff cannot be required to give security for costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 949; Dec. Dig. § 246.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**2. PLEADING (§ 246*) — AMENDMENT—AMENDMENT TO CONFORM TO PROOF—VARIANCE IN PLAINTIFF'S NAME.**

In an action against an express company to recover on money orders sold to and payable to plaintiff, and paid by the company on forged indorsements, a trial amendment of the complaint to allege that the orders were payable to "Henry" J. Bilkiss, instead of "Harry" J. Bilkiss, is properly allowed.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 246.*]

**3. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR—EVIDENCE.**

While the court cannot say that plaintiff's signature to citizenship papers made two years before the trial of his action against an express company to recover on money orders sold to and payable to him and paid by the company on his forged signature is so old as to be inadmissible, it is immaterial where there is no evidence that plaintiff had indorsed the orders to the person to whom they were paid.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

**4. EVIDENCE (§§ 271, 378*)—PRIVATE WRITINGS—LETTERS—IDENTITY—CUSTODY.**

Where plaintiff, in an action against an express company to recover on money orders sold to and payable to himself, and paid by the company on forged indorsements, identified letters written by himself, to which his signature was attached by the person who cashed the orders on forged indorsements, and there was nothing to indicate that plaintiff wrote the letters to be used for any purpose, the letters, having been returned by the person to whom written, are admissible over objection that they were self-serving, and that their custody was unexplained.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. §§ 271, 378.*]

**5. BILLS AND NOTES (§ 501*)—EXPRESS COMPANY — PAYMENT OF MONEY ORDER ON FORGED INDORSEMENT—ACTION—EVIDENCE.**

In an action against an express company to recover on money orders sold to and payable to plaintiff, and paid by the company on his forged indorsement, evidence as to how much money the police may have taken from the person who presented the forged orders is immaterial, where none of it was received by plaintiff.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 501.*]

**6. BILLS AND NOTES (§ 427*)—EXPRESS MONEY ORDER—PAYMENT ON FORGED INDORSEMENT.**

Where an express company sold money orders to plaintiff, payable to him, and while in possession of one of them bearing plaintiff's signature negligently paid the orders to a person who forged the signature of plaintiff, the company is liable to the amount so paid, and the negligence of plaintiff in allowing the person by whom they were stolen to have access to his papers is no excuse.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 427.*]

**7. TRIAL (§ 260*)—INSTRUCTIONS—REQUEST—INSTRUCTION ALREADY GIVEN.**

Where the court, in an action against an express company to recover the amount paid on forged indorsement of plaintiff's name, instructs that if plaintiff delivered the orders to the person who collected the money, and authorized such person to indorse them, they should find for defendant, the issue raised by testimony that plaintiff had said that he gave or delivered the orders to such person with authority to indorse them fully meets the issue raised by this testimony, and the refusal of a special charge on the same subject excusing defendant from liability in such case is proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

**8. DISMISSAL AND NONSUIT (§ 3*) — VOLUNTARY DISMISSAL AS TO PART OF CAUSE OF ACTION.**

In an action against an express company to recover the amount paid on a forged indorsement of plaintiff's name to three money orders sold by the company to him, a dismissal as to one of the orders which had not been presented for payment is properly allowed.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 4; Dec. Dig. § 3.*]

**9. APPEAL AND ERROR (§ 273*) — RECORD — QUESTIONS REVIEWABLE—NO REASON ASSIGNED FOR OBJECTION.**

Where the bill of exceptions reserved to the dismissal of part of plaintiff's cause of action assigns no reason for the objection, it is insufficient to raise the point on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 273.*]

**10. APPEAL AND ERROR (§ 1149*)—DISPOSITION OF CAUSE — MODIFICATION — CORRECTION OF ERROR IN JUDGMENT—MISNOMER.**

Where defendant came in and pleaded to a suit against "Wells Fargo & Co.," it cannot after verdict, take advantage of the misnomer, and, since the style of the case is no essential part of it, the judgment will be corrected by the appellate court so as to be against Wells Fargo & Co. Express, instead of "Wells Fargo & Co." as recited in the judgment of the court below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4485; Dec. Dig. § 1149.*]

Appeal from El Paso County Court; Albert S. Eylar, Judge.

Action by Harry J. Bilkiss against Wells Fargo & Co. Express. Judgment for plaintiff, and defendant appeals. Judgment corrected and affirmed.

Atlas Jones, for appellant. E. B. Elfers, for appellee.

FLY, J. This action originated in the justice's court, where appellee sued appellant to recover on three money orders which he claimed to have bought from appellant on November 15, 1909, each for $50, and which were stolen from him on or about December 24, 1909, and two of which orders were cashed by appellant in El Paso on a forged indorsement of the signature of appellee. A demurrer was sustained in the justice's court as to the order which had not been presented for payment, and judgment was rendered in favor of appellee for $100. The cause was appealed to the county court by appellant, where it was tried by jury, which resulted in a verdict and judgment for appellee for $100.

[1] A rule for costs was entered by appellant in the justice's court, which was answered by an affidavit of inability to pay costs, which was overruled and a deposit was required to secure the costs. The rule for costs was renewed in the county court, but was overruled, and that action is made the subject of the first assignment of error.

This question has been fully settled in this state adversely to the contention of appellant. Foreman v. Gregory, 17 Tex. 193; Pierce v. Pierce, 21 Tex. 469; Miller v. Holtz, 23 Tex. 138; Railway v. Cook, 2 Willson Civ. Cas. Ct. App. § 659; Taylor v. Brewing Association (Tex. Civ. App.) 41 S. W. 111. The three Supreme Court cases were carried up by certiorari, but the last two cases cited were appeals. The same rules with regard to security for costs in the appellate court apply in one case as the other.

[2] There was no error in permitting a trial amendment to the effect that the orders were payable to "Henry" J. Bilkiss instead of "Harry" J. Bilkiss, as had been alleged. The amendment was made when the orders were offered and were objected to on account of variance. Telegraph Co. v. Bowen, 84 Tex. 477, 19 S. W. 554; Bank v. Sharpe, 12 Tex. Civ. App. 223, 33 S. W. 676; Insurance Co. v. Reichman (Tex. Civ. App.) 40 S. W. 831. It follows that the orders were properly admitted in evidence.

[3] There was no testimony whatever tending to show that appellee had indorsed the checks to the woman who presented them to appellant and received the cash on them, and the signature to appellee's citizenship paper was immaterial. The objections to the signature, which was made in 1908, were that it was self-serving, and that it was "too remote from the date of the time of the indorsements of the orders cashed by the woman." To those objections appellant will be confined. A signature could not have been placed two years before the trial, and long before the action accrued, with a view to being used in this case, and we cannot say such signature was so old as to be inadmissible. Other objections might possibly have been urged with effect, but they were not mentioned.

[4] The letters written by appellee, whose signature was appended to them by the woman who cashed the orders, a short while after, were identified by appellee, and he swore that the woman wrote his signature thereto, and that was objected to by appellant because the signatures "were self-serving, and their custody was not accounted for from the time they were mailed in Mexico to the time Polokoff gave them to plaintiff." Polokoff was the man to whom the letters were written. There is nothing to indicate that the letters were written to be used by appellee for any purpose, and the custody was fully accounted for. Appellee wrote the letters while in Mexico, and a short while thereafter when appellee returned to Texas the letters were returned by Polokoff to appellee. We. cannot see what difference it made about the custody of the letters, if they were identified.

[5] We do not think it mattered how much money the police may have taken from the woman who passed the forged checks. Appellee did not get any of it, and it could not be charged against him. If any one should have put forth efforts to recover the money paid the woman, it was appellant. It had paid the money on forged instruments, and was liable to appellee, and it was not incumbent on him to use any endeavors to get it from the woman.

[6] The facts fail to show that appellant used any care or precaution whatever, but paid the money on the orders to an entire stranger, without identification. Appellant was charged with knowledge that the indorsement did not have the signature of appellee, for about three weeks before the orders were paid to the woman appellant had obtained appellee's signature to an order and was in possession of it at the time. Its responsibility is the same as that of a bank that pays a forged check. "If the bank pays money on a forged check, no matter under what circumstances of caution, or however honest the belief in its genuineness, if the depositor himself be free of blame, and has done nothing to mislead the bank, all the loss must be borne by the bank, for it acts at its peril and pays out its own funds, and not those of the depositor." Tiedeman Comm. Paper, § 451, and notes; Graves v. American, etc., Bank, 17 N. Y. 205; Bank v. Peyton, 15 Tex. Civ. App. 184, 39 S. W. 223. The fact that appellee may have been careless in allowing the woman access to his papers could not excuse appellant for paying the orders given by it to appellee on forged indorsements. It cannot excuse its negligence in paying the orders by showing negligence on the part of appellee in the way in which he cared for his property.

[7] The court instructed the jury that if they believed appellee delivered the orders to the woman, who collected the money, and authorized her to indorse them, they should return a verdict for appellant. That charge fully met the issue raised by the testimony of the policemen, who testified that appellee had said that he gave or delivered the orders to the woman, and had given her the authority to indorse them. It was not error to refuse a special charge on the same subject, which excused appellant from liability if the orders were delivered to the woman without authority to indorse them.

[8, 9] It was not error to permit appellee to dismiss his suit as to one of the orders which was not paid to the woman by appellant. The bill of exception reserved to the dismissal assigns no reason for the objection, and it is insufficient to raise the point.

[10] There was no question that appellant was the party sought to be charged, and it came in and pleaded to a suit against "Wells Fargo & Co.," and it cannot, after verdict, take advantage of the misnomer. Southern Pacific Co. v. Graham, 12 Tex. Civ. App. 565, 34 S. W. 135. The verdict is sufficient, the style of the case being no essential part of it, and the judgment will be corrected by this court so as to be against Wells Fargo &

Co. Express, instead of "Wells Fargo & Co." as recited in the judgment of the county court.

The judgment as corrected is affirmed, and, because the error in the judgment was not distinctly pointed out in the motion for new trial, the costs of this court will be assessed against appellant.