BICKFORD v. REFUGIO LAND & IRRIGATION CO.

(Court of Civil Appeals of Texas. Galveston. Jan. 30, 1912.)

LIMITATION OF ACTIONS (§ 121*)—COMMENCEMENT OF ACTION—MISNOMER OF DEFENDANT.

Under Rev. St. 1895, art. 1215, requiring that the citation shall state the names of all the parties, a petition complaining of the "Refugio County Land & Irrigation Company" and service of citation on a person described as treasurer of the company does not make the "Refugio Land & Irrigation Company" a party, and limitations applicable to the cause of action against the latter company do not cease to run in its favor on the filing of the petition.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 537, 540; Dec. Dig. § 121.*]

Appeal from District Court, Refugio County; John M. Green, Judge.

Action by John Bickford against the Refugio Land & Irrigation Company. From a judgment of dismissal, plaintiff appeals. Affirmed.

Willett Wilson, for appellant. Proctor, Vandenberge & Crain, for appellee.

McMEANS, J. John Bickford, seeking to recover damages for personal injuries sustained by him, alleged to have been caused by the negligence of defendant, brought suit against the Refugio County Land & Irriga-

tion Company, stating in his petition that "defendant is a corporation duly incorporated under the laws of the state of Texas, having its principal office at Victoria, in Victoria county, in said state, and that J. C. McDowell, who is a resident of Pittsburg, in the state of Pennsylvania, is the president thereof, and that V. B. Proctor, who resides in Victoria county, Tex., is the secretary thereof, and that J. K. Hexter, who resides in Victoria county, Tex., is the treasurer thereof." Upon the filing of the petition a citation was issued commanding the proper officers to "summon the Refugio County Land & Irrigation Company, a corporation, having its principal office in the town of Victoria, in Victoria county, Tex.," and having for its president, secretary, and treasurer the same persons named in the petition, to appear and answer the plaintiff's petition. It concluded as follows: "And you will deliver to said defendant by delivering to its said secretary, V. B. Proctor, or to its said treasurer, J. K. Hexter, both of whom reside in Victoria county, Texas, in person a true copy of this citation, together with the accompanying certified copy of plaintiff's petition." The sheriff's return showed that the citation and a copy of the petition had been duly served on J. K. Hexter.

Plaintiff alleged in his petition that the injuries for which he sued were received by him on the 3d day of June, 1907, and his petition was filed on March 17, 1909. The first term of the district court that convened after the filing of the petition began on the 19th day of April, 1909. On April 20, 1909, J. K. Hexter filed in said suit in said court the following affidavit: "Now comes J. K. Hexter, a resident citizen of Victoria county, Tex., and would show that heretofore a citation in the above entitled and numbered cause was served on him by the sheriff of Victoria county, and would further show that neither at the time of service of said citation, nor at any time since the service thereof, has he, the said J. K. Hexter, held the office of president, secretary, or treasurer of said defendant company, or association, nor was he at the time of such service, or since that time has he been, the local agent of such company or corporation representing such company in the county in which this suit is brought, nor was he at the time of such service or since said time an agent, officer, or representative of the said defendant, the Refugio County Land & Irrigation Company." Prior to the convening of the court, appellant's attorney wrote a letter to Messrs. Proctor, Vandenberge & Crain, attorneys at law, at Victoria, asking them if they would consent to a continuance of the cause at the next ensuing term, and in reply Messrs. Proctor, Vandenberge & Crain wrote as follows: "As to the Bickford case in the district court of Refugio county, we will have no objection to your having the case continued at the present term convening next Monday; but, as there may be some question of venue or service we would desire to take advantage of and have in the record, we prefer not to have the continuance entered by agreement upon the part of our client, the Refugio Land & Irrigation Company, as this would probably be construed as the entry of an appearance by said company. You may, however, if you wish, write instructing the clerk at Refugio to pass the case until the next term, and we will raise no objection to that procedure upon the part of our said client." On October 25, 1909, more than two years after the date of plaintiff's injuries, plaintiff filed an amended original petition in which he for the first time named the Refugio Land & Irrigation Company as defendant, and set up his cause of action against it for the damages sustained. He also sought in this petition to excuse himself for not earlier asserting his claim against the Refugio Land & Irrigation Company. At the next ensuing term the Refugio Land & Irrigation Company filed two special exceptions to the amended petition, in substance as follows: (1) That plaintiff's cause of action appeared from the face of the petition to be barred under the two-year statute of limitation prescribing such period of limitaton as to causes of action for the injuries done to the person of another; and (2) that the facts stated in the amended petition did not excuse plaintiff from a failure to assert his case of action against defendant before the expiration of the two year period. Both exceptions were sustained by the court, and, upon plaintiff declining to amend, his case was dismissed, and from the judgment of dismissal plaintiff has appealed, and assigns as error the action of the court in sustaining said exceptions. Under this assignment appellant contends, in effect, that where a corporation is sued by a name other than its true name, but it is otherwise correctly described in the petition and its agents are correctly named, an amendment correcting a misnomer of defendant is properly allowed, and the statute of limitations does not run during the time suit was pending before the amendment was filed.

Under the authority of Southern Pacific Company v. Block, 84 Tex. 21, 19 S. W. 300, we hold that this contention cannot, as applied to the facts of this case, be sustained. In that case the plaintiff Block complained in his petition of the receiver of the Houston & Texas Central Railway Company, the Louisville & Nashville Railway Company, and the Southern Pacific Railway Company. Citation was issued commanding the sheriff to summon the Southern Pacific Railway Company, and this citation was served on the Southern Pacific Company. Subsequently an amended petition was filed complaining of the Southern Pacific Company, omit-

ting the word "Railway" as used in the original petition and in the citation. There was no service of the amended petition on the Southern Pacific Company. Later plaintiff dismissed as to the Louisville & Nashville Railway Company, and on a trial judgment was rendered in favor of the receiver, and plaintiff took judgment by default against the Southern Pacific Company, which prosecuted an appeal, contending that the judgment was unwarranted because there was no service on the amended petition upon it, nor was there waiver of service or appearance by it. In sustaining this contention our Supreme Court says: "Article 1215 of the Revised Statutes requires that the citation shall state the 'names of all the parties.' The name of the plaintiff in error as defendant was not stated in the citation. The Southern Pacific Railway Company and the Southern Pacific Company cannot be regarded as identical. The names indicate different and distinct entities. It was not within the province of an amendment to supply the absence of service. Neither the citation nor the petition accompanying it authorized service upon the Southern Pacific Company." The judgment of the trial court was reversed. Applying the ruling in that case to the case before us, we hold that the names "Refugio County Land & Irrigation Company" and the "Refugio Land & Irrigation Company" indicate different and distinct entities, and the names cannot be regarded as identical. If in the Block Case, supra, service of citation on the original petition upon the "Southern Pacific Company" did not authorize a judgment against it by default, it was because it was not a party to that suit, and not made a party by the petition declaring against the "Southern Pacific Railway Company." And so, in this case, petition complaining of the "Refugio County Land & Irrigation Company" and the service of citation upon a person described as treasurer of that corporation, and who was in fact such treasurer, did not make the "Refugio Land & Irrigation Company" a party, and the statute of limitations applicable to causes of action for injuries done to the person of another did not cease to run in its favor upon the filing of the petition, and, more than two years having elapsed after the date of the injury before the filing of the amendment making the Refugio Land & Irrigation Company a party, the plaintiff's cause of action was barred as to it at the time the amendment was filed. The facts stated in the amendment do not in our opinion excuse plaintiff from asserting his cause of action against appellee at an earlier date. We think, therefore, that it was not error to sustain both exceptions.

The cases cited by appellant do not sustain his contention. The case of Southern

Pacific Company v. Graham, 12 Tex. Civ. App. 565, 34 S. W. 135, more strongly relied upon by appellant, is easily distinguishable from this and the Block Case, above quoted. In the Graham Case the suit was originally brought against the Southern Pacific Railway Company and citation was served on the agent of the Southern Pacific Company. The attorneys of the Southern Pacific Company appeared and answered in the suit. In the answer there was no suggestion that the wrong defendant was in court, although it claimed it was not operating the road upon which the damage occurred, but contributory negligence on the part of the appellee and the safe condition of the spark arresters on appellant's engines were fully pleaded. After the time had elapsed which would bar the claim, and plaintiff had by amendment stated the true name of the defendant, it was made known that the agents of appellant were before the court representing another, the nonexistent corporation, and the bar of the statute was interposed. On this state of facts the court said: "Such action would not succeed were individuals concerned, and we can see no reason why there should be a different rule as to corporations." We believe that the case before us falls under the rule stated in Southern Pacific Company v. Block, supra; and there being no appearance for the defendant, appellee here, by answer filed or otherwise, the bar of the statute was complete at the time of filing the amendment making it a party.

The judgment of the court below is affirmed.

Affirmed.