FORBES BROS. TEAS & SPICE CO. v.
McDOUGLE, CAMERON & WEBSTER.

(Court of Civil Appeals of Texas.   San Antonio.   Oct. 30, 1912.)

1. LIMITATION OF ACTIONS (§ 118*)—SUSPENSION—COMMENCEMENT OF SUIT.

The statute of limitations is suspended by the institution of a suit, service on defendant, and its appearance and answer.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 527, 528; Dec. Dig. § 118.*]

2. PARTIES (§ 94*)—MISNOMER OF DEFENDANT—PLEA IN ABATEMENT.

A mistake in the name of a defendant corporation, where citation is duly served on the proper party, must be taken advantage of by plea in abatement.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 155–159, 177; Dec. Dig. § 94.*]

3. LIMITATION OF ACTIONS (§ 121*)—RIGHT TO PLEAD—AMENDMENT.

Where defendant corporation, having been sued in the wrong name, voluntarily answered to the merits, and allowed the case to remain on the docket for two years before any objection was made to the misnomer, it could not, when plaintiff corrected such misnomer, plead that the action was barred by limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 537, 540; Dec. Dig. § 121.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by Forbes Bros. Teas & Spice Company against McDougle, Cameron & Webster.   Judgment for defendant, and plaintiff appeals.   Reversed and remanded.

Meador & Davis, of Dallas, for appellant. Short & Field, of Dallas, for appellee.

FLY, J.   This is an action for debt, instituted on December 3, 1909, by appellant against McDougle-Cameron-Webster Company, successors to McDougle-Craig Company, a corporation, founded on an account made during the year 1909.   An answer to the petition was filed by McDougle, Cameron & Webster on December 31, 1909.   On September 28, 1911, appellant filed an amended petition, in which the defendants were styled McDougle, Cameron & Webster, instead of McDougle-Cameron-Webster Company, and appellee, which had been in court by its answer since December, 1909, filed an amended answer, in which it was denied that any corporation existed under the name of McDougle-Cameron-Webster Company, and then set up its defenses.   That answer was sworn to by the vice president of the company.   On the same day what is styled an original answer was filed by appellee, in which the amended petition was excepted to, on the ground that it showed that the claim was barred by two years limitation.   That exception was sustained by the court, and the cause dismissed, and from that judgment this appeal has been perfected.

[1-3] No plea in abatement was filed by appellee, but an answer to the merits was filed, and the case allowed to remain on the docket for about two years, before any objection was made to being sued under a misnomer, and then the objection came in the form of a plea of limitations.   The statute of limitations was suspended by the institution of the suit, the service upon appellee, and its appearance and answer.   A mistake in the name of a defendant corporation, where citation is duly served on the proper party, must be taken advantage of by plea in abatement; and, when the defendant voluntarily answers to the merits, it cannot, after the action would be barred, plead limitation, when the plaintiff corrects the misnomer.   Southern Pacific Co. v. Graham, 12 Tex. Civ. App. 565, 34 S. W. 135; McCord v. Pritchard, 37 Tex. Civ. App. 418, 84 S. W. 388; Mecca Ins. Co. v. Bank (Tex. Civ. App.) 135 S. W. 1083; Wells Fargo Express Co. v. Bilkiss (Tex. Civ. App.) 136 S. W. 798.

The judgment is reversed, and the cause remanded.