### KOLLMANN v. MYATT.
### No. 10595.

Court of Civil Appeals of Texas. Galveston. March 24, 1938.

Rehearing Denied April 14, 1938.

Jos. V. Frnka, of Columbus, for appellant.

G. H. Miller, of Columbus, for appellee.

GRAVES, Justice.

Under the disposition determined upon for this appeal no opinion is required of this court; but in deference to counsel for both parties, who have so helpfully briefed it, this statement of the grounds upon which an affirmance of the trial court's judgment will be ordered is made:

The sole complaint of the appellant here is that the name of the appellee, J. L. Myatt, was—through what subsequently appeared to have been a mere typographical error— stated in his original petition, filed on October 7, of 1935, as J. L. Wyatt; that petition charged, however, that the parties had entered into a contract whereby the defendant, (appellant here) had agreed to sell the plaintiff some steers, which, it was alleged, had been breached; notwithstanding such misnomer in the plaintiff's name, the defendant duly answered that petition, on November 4 of 1935, by a general demurrer and general denial, raising no objection to such error; thereafter, on May 14 of 1936, the appellee, filed his first amended petition, declaring upon the same contract, but correcting such error in his name; whereupon, the appellant later on the same day for the first time filed a plea in abatement of the suit because of such original misnomer.

In these circumstances it seems plain that:

■ (1) Appellant having so filed his original answer prior to filing his plea in abatement submitted himself to the jurisdiction of the court, hence was thereafter required to take notice of all pleadings subsequently filed by the appellee. McCord-Collins Co. v. Prichard, 37 Tex.Civ.App. 418, 84 S.W. 388.

■ (2) The appellee, having so antedated the filing of any objection on appellant's part to the original misnomer, thereby properly cured the same, wherefore the subsequent proceedings properly joined issue between the parties in the name as corrected. Cartwright v. Chabert, 3 Tex. 261, 49 Am.Dec. 742; Southern Pacific Co. v. Graham, 12 Tex.Civ.App. 565, 34 S.W. 135;

Gillespie's Adm'r v. Redmond, 13 Tex. 9; 1 Tex.Jur., pp. 139, 140, § 99.

■ (3) Appellant having admitted in his testimony on the trial that he had entered into the contract so successively declared upon by the appellee, saying in that connection: "I agreed to four cents per pound and had fifty or sixty head of cattle in this pasture—I agreed to sell those steers to Mr. Myatt for four cents per pound," his rights were in no event prejudiced by the judgment visiting the consequences of a breach of that contract upon him. Paragon Oil Syndicate v. Rhoades Drilling Co., 115 Tex. 149, 277 S.W. 1036; Shults v. Krauskopf, Tex.Civ.App., 286 S.W. 544.

Without further discussion, an affirmance will enter.

Affirmed.

PLEASANTS, C. J., absent.