### BUTLER v. EXPRESS PUB. CO.

No. 10344.

Court of Civil Appeals of Texas. San Antonio.

March 1, 1939.

Rehearing Denied April 5, 1939.

Joe Burkett, of San Antonio, for appellant.

Denman, Franklin & Denman, of San Antonio, for appellee.

SLATTON, Justice.

Maude F. Butler filed suit in one of the district courts of Bexar County on January 13, 1936, in which the San Antonio Express and Evening News were named defendants. Thereafter citations were issued; one commanding the San Antonio Express, a corporation, to appear and answer, and one commanding the Evening News, a corporation, to appear and answer. The Express Publishing Company filed an answer on February 6, 1936; on March 1, 1937, Maude F. Butler filed her first amended original petition in which the Evening News was omitted as a party defendant and the only defendant named was the Express Publishing Company, a corporation. The Express Publishing Company filed an answer to this pleading on March 17, 1937. In the original petition the defendants were alleged to be the owners and publishers of certain newspapers known as the San Antonio Express and Evening News, and were operating and distributing such papers throughout the City of San Antonio on the 6th, 7th and 8th of December, 1935. The pleader continues to allege the contents of such published articles and avers facts which are claimed to show said publications to be libelous. The amended original petition seems to be identical with the original petition, except the following paragraph which appears in the amended petition: "Comes now, plaintiff, complaining of the Express Publishing Company, and is hereinafter styled defendant, and for cause of action will show unto this court, that she has been given leave to amend her petition against the Express Publishing Company in the above numbered and entitled cause, and the following pages are a true and correct facsimile of plaintiff's original petition."

■ In the second answer filed by the Express Publishing Company the statute of limitations applicable to libel was pleaded by special exception. The trial court being of the opinion that the exception was good, sustained the same and dismissed the suit. The question presented is a narrow one. When the original petition was filed citation was issued and served, undoubtedly upon the Express Publishing Company, at least the Express Publishing Company filed an answer. In such answer no exception was urged upon the ground of the misnomer. There is no contention that the amended pleading presented a different cause of action. It affirmatively appears from the pleadings filed that it was intended to sue the corporation, or corporations, that published the newspapers in which the alleged libelous articles were printed. The intention of Maude F. Butler to sue such corporation is clear. That it was so understood by the appellee is clearly shown by its answer filed upon receiving the summons or citation. That it did not object to being sued in an incorrect name is shown by the failure to except because of the misnomer. Had the appellee timely filed such an exception, no doubt appellant would have amended, in which case the amended petition would have related back to the time of the filing of the original petition. Jago v. Indemnity Ins. Co. of North America, 120 Tex. 204, 36 S.W.2d 980.

Under the facts stated, the time of the filing of the amended original petition cannot be said to be the time of the commencement of the suit against the Express Publishing Company, when testing the validity of the special demurrer of the one-year statute of limitation. The amendment which only corrected the misnomer of the party intended to be sued, must, under the facts here, relate back to the time of the filing of the original pleading. This being true, the action was not barred by the one-year statute of limitation applicable to libel.

■ A liberal policy has been pursued in this State by the Legislature and the courts in allowing amendments to pleadings so as to avoid the loss of rights in virtue of such amendments. Arts. 2001, 5539a, 5539b, R.C.S.1925, Vernon's Ann. Civ.St. arts. 2001, 5539a, 5539b; Consolidated Underwriters v. Adams, Tex.Civ. App., dissenting opinion by Mr. Justice Combs, 97 S.W.2d 323, at page 327, recently approved by the Supreme Court in the same case, 124 S.W.2d 840 (not yet reported [in State report]).

We think the facts of the present case are ruled by the principles of law an-

nounced in the dissenting opinion aforesaid, which, as we have stated, has been approved by our Supreme Court. Accordingly, the judgment of the trial court is reversed, and the cause remanded.

## On Motion for Rehearing.

The appellee asserts that our holding is in conflict with the cases of Martinèz v. Dragna, Tex.Civ.App., 73 S.W. 425, and Bickford v. Refugio Land & Irrigation Company, Tex.Civ.App., 143 S.W. 1188. In the first case the citation was not served and no answer was filed. In the latter case the citation was served upon the correct officer but in an incorrect name of the corporation. The corporation did not enter an appearance. In the present case the Express Publishing Company filed an answer, on February 6, 1936, which, after giving the style and number of the cause, stated: "Now comes the Express Publishing Company with office in Bexar County, Texas, defendant, and in answer to plaintiff's petition," (here follows the answer).

The filing of the answer had the effect of making the Express Publishing Company a defendant in the cause, and if it had not been properly served with citation, such an answer waived the necessity of the issuance and service of citation. Moreover, by the failure to assert the misnomer by a proper plea in abatement the same was waived. Houston Land & Loan Co. v. Danley, Tex.Civ.App., 131 S. W. 1143. Thereafter the trial court allowed Maude F. Butler to amend her original petition, in which the defendant, Express Publishing Company, was correctly named. That was the only purpose of the amendment. This conclusion clearly appears from a reading of the original petition and the amended original petition.

The facts of the present case are not similar to the cases relied upon by the appellee, and therefore those cases are not controlling. See Forbes Bros. Teas & Spice Co. v. McDougle, Cameron & Webster, Tex.Civ.App., 150 S.W. 745; McCord-Collins Co. v. Prichard, 37 Tex.Civ. App. 418, 84 S.W. 388, writ refused.

In the Forbes case, supra, it is said: "A mistake in the name of a defendant corporation, where citation is duly served on the proper party, must be taken advantage of by plea in abatement; and, when the defendant voluntarily answers to the merits, it cannot, after the action

would be barred, plead limitation, when the plaintiff corrects the misnomer."

The motion for rehearing is overruled.