Mrs. Minnie L. Jago et vir. v. Indemnity Insurance Co. of North America.

No. 5352. Decided March 18, 1931.
(36 S. W., 2d Series, 980.)

*Rose & Johnson,* for appellants.

*Morris & Barnes,* for appellee.

MR. PRESIDING COMMISSIONER SHORT delivered the opinion of the court.

On February 14th, 1927, Alonzo B. Walls was killed in the course of his employment with the Gulf Refining Company. This company carried insurance under the Workmen's Compensation Act with the Indemnity Insurance Company of North America, hereafter called the insurance company. Mrs. Minnie L. Jago, a sister of the deceased, claimed compensation as a dependent of Walls.

The Industrial Accident Board acted on the claim on the 18th day of August, 1927, and allowed compensation to Mrs. Jago at the rate of $20 per week for a period of 360 weeks. The order of the board also awarded to Rose & Johnson, attorneys for Mrs. Jago, the statutory amount out of the compensation as attorney's fees, and refused payment of the compensation in a lump sum.

The insurance company, within twenty days after the making of the award, gave notice to Mrs. Jago, and to her above-named attorneys of its refusal to abide the award, and on September 1st, 1927, within the time prescribed by law, filed with the clerk of the proper district court, its petition against Mrs. Jago and the above-named attorneys to set aside the award.

The above petition filed by the insurance company contained the following allegations as a ground for setting aside the award of the board:

"That said award is wholly contrary to the terms of the law applicable to this case, and is wholly unsupported by any facts in that the defendant, Minnie L. Jago, is a married woman, having never been divorced from her husband, and is at this time living with her husband, and at all times since her marriage has been supported by her husband, and in no legal sense has she ever been dependent upon her brother, A. B. Walls, and at the time of the alleged injury and death she was not dependent

upon him for any support whatsoever. That the said defendant, Minnie L. Jago, was not a dependent sister of deceased, or a beneficiary under any provision of the law."

On September 20, 1927, Mrs. Jago and her attorneys, Rose & Johnson, filed an answer to the above petition of the insurance company, which consisted of a general demurrer and general denial.

While the above suit against Mrs. Jago and her attorneys, Rose & Johnson, was pending in the district court of Jefferson county, Texas, and the husband of Mrs. Jago was not made a party thereto, Mrs. Jago, joined by her husband, filed in the same court, and in the same case, what is termed their plea of intervention, setting up the Board's award, failure on the part of the insurance company to file suit to set the same aside within the time prescribed by law, failure to make payments as they mature, and sought to mature all payments, and recover penalties and attorneys fees.

On December 19th, 1927, after notice to all parties, Mrs. Jago and her husband were allowed to intervene, and an order was entered by the trial court to that effect.

On January 18th, 1928, the insurance company filed its answer to the plea of intervention of Mrs. Jago and her husband, such answer of the insurance company consisting of a prayer to make Harry Jago, the husband, a party defendant, and general, and special demurrers, and general denial.

On January 18th, 1928, the cause coming on for trial in regular order the trial court sustained the general demurrer to the insurance company's petition, which failed to make Mrs. Jago's husband a party to the suit, or to state a cause of action against her attorneys, and trial was had before the court upon the plea of intervention filed by Mrs. Jago and her husband, which resulted in maturing the Board's award and allowing 12% penalty, and $2,000 attorney's fees.

The case was duly appealed by the insurance company to the Court of Civil Appeals for the Ninth District at Beaumont, which court reversed and remanded for a new trial that part of the judgment which sustained the general demurrer to the insurance company's petition, and refused it a hearing on its suit to set aside the award of the Industrial Accident Board, and reversed and rendered that portion of the judgment which matured the award, and granted 12% penalty and allowed $2,000 attorneys fees. 12 S. W. (2d) 817. The case is now before the Supreme Court on writ of error granted on application of Mrs. Jago and her husband.

The intervenors introduced a certified copy of the award of the Industrial Accident Board, proof of the reasonableness of the attorney's fees claimed, the fact that Mrs. Jago is and was married at the time of the death of Alonzo B. Walls to Harry Jago, and the fact that no payments

had been made by the company under the award. No other testimony was introduced by Mrs. Jago.

The principal legal question presented for decision by the application is thus stated in the second proposition under the second assignment of error: "The defendant in error's petition lodged with the clerk on September 1, 1927, disclosing upon its face 'that the defendant, Minnie L. Jago, is a married woman, having never been divorced from her husband, and is at this time living with her husband' without joining him as a party defendant, did not constitute the filing of the suit against her or stop the running of limitations in her favor."

Section 8a of article 8306, among other things, provides that the compensation, for which section 5 provides, shall be for the sole and exclusive benefit of the surviving husband, the surviving wife, the minor children, the parents, and the stepmother of the deceased employee, without regard to the question of dependency, and it further provides that this compensation is also for the benefit of *dependent* grandparents, *dependent* children, and *dependent* brothers and sisters of the deceased employee. The record in this case discloses, without dispute, that the claimant for compensation became entitled to the award, which was granted to her, by virtue of the fact ascertained by the Industrial Accident Board that she was the sole dependent sister of the deceased employee.

Article 8309 of the Workmen's Compensation Law, among other things, declares that the words "legal beneficiary" as used in this law, shall mean the relative named in section 8a, art. 8306, part 1 of this law. In Mingus v. Wadley, 115 Texas, 551, 285 S. W., 1084, 1087, Chief Justice Cureton, among other things in that case, said, in speaking of the Workmen's Compensation Law and the proceedings prescribed therein: "In fact, the statute itself declares that the rights of the parties are to be determined 'by the provisions of this law.' * * * It is plaintiff's cause of action, delimited by the statute, and he has no other under the law". In that case there is quoted, with approval, the language used by Associate Justice Vaughn, of the Court of Civil Appeals at Dallas, in Hood v. Texas Employers' Insurance Association, 260 S. W., 243, which refers to the procedure and the legal effect thereof to be followed in cases like the present one. That language is as follows:

"The jurisdiction of the trial court to hear and determine appellant's suit depended on the following prerequisite proceedings which should have been properly alleged and supported by the requisite evidence: (a) That proper application for compensation on account of the injury alleged to have been received was made to the Industrial Accident Board; (b) that final award was made thereon by said board; (c) the giving of notice of the intention not to abide by the award within 20 days from date of same, and the filing of proper suit within 20 days from the date of

service of such notice—all being jurisdictional facts and essential to concur, before jurisdiction would attach."

When the proceedings, which we have outlined as having been had in this case, are gauged by the requirements set forth in the above excerpts, it is clearly shown that up to the time the defendant in error had lodged with the clerk of the district court, the written instrument which it did, the record showed that Mrs. Jago had made proper application for compensation on account of the injuries suffered, resulting in death, by her brother, to whom she alleged she occupied the relation of a dependent sister, that final award was made thereon by said board; that the Indemnity Insurance Company of North America, in due time, gave notice of its intention not to abide by the award and thereafter, and in due time, lodged with the clerk of the proper court a paper containing all necessary statements required by the law to be made therein, in order to give the district court of Jefferson county jurisdiction, unless the name of Harry Jago, the husband of Minnie L. Jago, the beneficiary named in the award, was essential to the legal sufficiency of the paper filed with the clerk, to give the court jurisdiction of the matter in controversy.

In Vestal v. Texas Employers Insurance Association, 285 S. W., 1041, 1043, this section of the Commission, speaking through Judge Speer, among other things, said: "While it is referred to as an appeal, it is in truth an original proceeding in the court having jurisdiction, the determination of which is uninfluenced in any sense by the previous ruling of the decision of the board, but the same is tried anew under the ordinary rules of practice and evidence applicable to that tribunal". The uniform practice and the ordinary rules applicable to proceedings in the district court require of him, upon whom rests the burden of proof in a law suit, to plead and prove his cause of action.

This practice and these rules, which are pertinent to the proposition being discussed, are governed by article 2001 of the R. S. of 1925, wherein it is provided that "parties may amend their pleadings, file suggestions of death and make representatives parties, make new parties, and file such other pleas as they may desire", and by the Supreme Court, rule 12, for the government of district and county courts, which reads as follows:

"An amendment may be made by either party, upon leave of the court for that purpose, or in vacation, as prescribed by statute, the object of an amendment, as contradistinguished from a supplemental petition or answer, being to add something to, or withdraw something from, that which has been previously pleaded, so as to perfect that which is or may be deficient, or to correct that which has been incorrectly stated by the party making the amendment".

In this case it appears that a general demurrer was sustained by the trial court to the petition filed by the defendant in error, evidently upon the ground that the husband of Minnie L. Jago was not made a party

thereto. It also appears that the defendant in error was denied the right to file an amendment, making the husband a party, apparently for the reason that, in the opinion of the trial judge, the petition of the defendant in error was not the subject of amendment. The general practice is that if a demurrer shall be sustained the plaintiff (who is the defendant in error here) if he desires, shall have leave to amend and conform his pleadings to the ruling of the court. The office of an amendment is to cure some defect in a pleading already filed, and under our liberal practice to allow amendments, the refusal to grant leave to amend, at a proper time, is ground for a reversal of the judgment. Boren v. Billington, 82 Texas, 138. As we have seen, the district court of Jefferson county had acquired jurisdiction of the subject matter of this suit, by the filing of the petition by the defendant in error, Mengus v. Wadley, supra. Having acquired jurisdiction of the subject matter the court not only had the right, but it was its duty, under the circumstances presented by this record, to permit the defendant in error to amend its petition so as to make the husband of Mrs. Minnie L. Jago a party to the suit.

The judgments of the Court of Civil Appeals and of the district court are reversed and the cause is remanded to the district court of Jefferson county for further proceedings, not inconsistent with this opinion.

The foregoing opinion is adopted as the opinion of the Supreme Court and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.