## GOODRICH et al. v. BELL.

### No. 2380.

Court of Civil Appeals of Texas. Beaumont.

June 8, 1933.

John & Levy, of Houston, Powers & Green and Foster, Williams & Nicholson, all of Conroe, for appellants.

John O. Douglas, of Houston, for appellee.

WALKER, Chief Justice.

On February 6, 1932, as plaintiff, appellee, W. D. Bell, filed this suit, as an action in trespass to try title, against appellants, J. N. Powers, R. H. Goodrich, and the Bay Company, a corporation, as defendants, to recover the title and possession of the two following described tracts of land, to wit: One containing 202.56 acres, the other 121.1 acres, less a tract of 20 acres previously sold, a part of the Joseph H. Wood survey located in Montgomery county, Tex. On the 22d of April, 1932, defendants R. H. Goodrich and J. N. Powers answered by plea of not guilty. On April 30, 1932, defendant the Bay Company answered by general demurrer, special exception, and plea of not guilty; and in the same pleading all the defendants joined in a cross-action against plaintiff, Bell, in the nature of an action in trespass to try title, to recover the title and possession of the land sued for by plaintiff. The first lines of this cross-action were as follows: "These defendants, being plaintiffs in this cross action, respectfully show unto the court that on or about the 1st day of June, A. D. 1932, they were the owners of and entitled to the possession of all the lands described in plaintiff's original petition, to-wit."

This was the extent of defendants' allegations as to their ownership of the land. On the 8th day of June, 1932, plaintiff, Bell, filed his "first amended petition as well as his first supplemental petition in lieu of his original petiton." The first section of this pleading was an amended petition in trespass to try title; the second section, purporting to be a supplemental petition, consisted of a general demurrer and general denial against the allegations of the defendant's cross-action, and, further, a special plea attacking a deed in defendants' chain of title from and under the plaintiff. This deed was by a trustee under a deed of trust and plaintiff, Bell, sought to have this deed canceled on allegations of fraud, irregularity in the sale, and homestead. The case was called for trial on the 13th of June, and the parties announced ready for trial on the pleadings as summarized. The demurrers, by agreement of the parties, acquiesced in by the court, were to be carried through to the end of the trial, when the court was to announce his ruling thereon; thereupon, by agreement of the parties, "trial amendments might be permitted by the court to meet the rulings of the court taken on

same." The judgment in full, as rendered by the court upon the pleadings and the evidence, was as follows:

"This case at a regular term of court having been set by agreement of all parties appearing therefor in open court for June 13th, 1932, In Vacation, and in Vacation on said day said Cause coming on to be heard before his Honor, S. A. McCall, the regular judge of said court, and a jury, came all the parties and announced ready for trial, and a jury having been duly empanelled and sworn, and having heard the pleadings and the evidence, plaintiff on June 14, 1932, announced in open court that he would no further prosecute his cause of action, and plaintiff's said cause of action was thereupon, and is hereby dismissed and all costs taxed against plaintiff, for which defendants and the officers of court may have their execution; and all exceptions and demurrers of plaintiff and defendants having been taken by the court with the case, with the understanding that trial amendments might be permitted by the court to meet rulings of the court taken on same, at the close of the evidence plaintiff presented and urged his general demurrer to defendants' cross-action, or cross-petition, and the same having been considered by the court was sustained, defendants and each of them in open court duly and legally excepting, whereupon came said defendants and asked leave of the court for permission to file a trial amendment to their cross-action by adding the words 'in fee simple' after the words 'they were the owners' in line 3 of paragraph two of said cross-action, which request was by the court refused, and to the refusal of which defendants, and each of them then and there in open court duly and legally excepted; the ground on which the court sustained such general demurrer to defendants' cross-action being that the same failed to state the interest in the lands in suit as required by the statutes governing actions of trespass to try title; and the court likewise considered motion of defendants to instruct the jury to return a verdict in their favor on their said cross-action and, prior to sustaining the general demurrer overruled such motion, to which defendants and each of them likewise duly excepted:

"It is therefore on this 14 day of June, 1932, ordered, adjudged and decreed that the cause of action be dismissed in its entirety and that the cross-action of defendants be, and the same is hereby dismissed; to all of which rulings of the court defendants and each of them then and there, on June 14th, 1932, excepted in open court and in open court gave notice of appeal to the court of civil appeals for the Ninth Supreme Judicial District of Texas, sitting at Beaumont, Texas, and defendants are granted fifty days from this date in which to prepare and have filed and approved statement of facts and bills of exception."

Opinion.

■■ It was fundamental error, apparent upon the face of the record, for the trial court to hold that appellants' cross-action was subject to appellee's general demurrer because of the omission of the allegation "in fee simple" in connection with their allegations that "they were the owners." Houston v. Calahan, (Tex. Sup.) 10 S. W. 97, is directly in point on this proposition. This defect in the cross-action was subject to challenge only by special exception. Day Land & Cattle Co. v. State 68 Tex. 526, 4 S. W. 865.

■■ Again, since by agreement of all parties the demurrers and exceptions to all pleadings were "taken by the court with the case," it was fundamental error, apparent upon the face of the record, though duly assigned, for the trial court to refuse appellants' request to file a trial amendment to their cross-action by adding the words "in fee simple" after the words "they were the owners" of the land in controversy. The rule was thus stated in Hawley v. Warlick (Tex. Civ. App.) 267 S. W. 332, 333: "Before the trial court can dismiss a pleading for want of form, or because of defectiveness, the party whose suit is dismissed must have had his opportunity to amend; that right is mandatory. Harris v. Higden (Tex. Civ. App.) 41 S. W. 412; Radam v. Microbe Destroyer Co., 81 Tex. 129, 16 S. W. 990, 26 Am. St. Rep. 783; Boren v. Billington et al., 82 Tex. 138, 18 S. W. 101; Houston Transfer & Carriage Co. v. Whitcomb (Tex. Civ. App.) 147 S. W. 358, 359."

Boren v. Billington, 82 Tex. 138, 18 S. W. 101, and Jago v. Ins. Co., 120 Tex. 204, 36 S.W. (2d) 980, 982, are authorities for the proposition announced in the Jago Case that "refusal to grant leave to amend, at a proper time, is ground for a reversal of the judgment." The request to amend was made "at a proper time" since it was made when the ruling of the court on the general demurrer was announced. It was held by Harris v. Higden (Tex. Civ. App.) 41 S. W. 412, 413, that "if the pleadings were still open for action on the demurrer, they were equally open for amendment."

■ Appellants' proposition that we render judgment in their favor is overruled. We do not agree with their construction of the judgment that, by dismissing his action in trespass to try title, appellee also dismissed and abandoned his special plea, filed as part of his supplemental petition, attacking the deed made by the trustee under the deed of trust. The issues raised by this plea should go to the jury.

For the reasons stated the judgment of the lower court is reversed and the cause remanded for a new trial.