## ANDRADE v. DONNELLY.
### No. 12955.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 24, 1934.

Rehearing Denied April 6, 1934.

Slay & Simon, of Fort Worth, for appellant.

Clay·Cooke, of Fort Worth, for appellee.

LATTIMORE, Justice.

This is an appeal from a dismissal of a bill of review.

Appellant filed a suit to set aside a judgment. The same was not set for trial for nearly a year and being then called for trial appellant moved for a continuance on account of the absence of a necessary witness. The hearing was postponed two days, at which latter day appellee filed a "Motion to Dismiss." This lengthy document reviews the history of the litigation, sets up numerous alleged law defects in the bill filed, sets up facts claimed to show want of merit in the motion for continuance, and sets up facts which it is claimed show want of equity in the fact contentions of appellant in his bill of review.

As shown by the transcript, the court proceeded to consider appellee's general demurrer and sustain same. Appellant requested leave to amend his bill and offered his amended pleading, which was already prepared. The court refused to allow him to file same, and then overruled his motion for continuance and sustained appellee's motion without any evidence being taken and dismissed the cause.

A part of the amended bill of review cured some defective allegations, furnished a jurat and signature of counsel which were not in the original bill. That much would have worked no delay, occasioned no surprise to appellee, and would have furnished appellant a pleading upon which he could have gone to trial. The fact that a part of the amended pleading made new parties not before the court does not give the court right to refuse the filing of the amendment. The judge could, after such filing, if proper, force appellant to trial in spite of the requested delay.

We do not consider it necessary to examine the merits of the motion for continuance, which was overruled by the court, and will assume that the court was justified in not granting the same.

It then became the right of the appellant to introduce his testimony by which he claimed a review. This right was taken away from him when the court sustained appellee's

"motion to dismiss." The facts pleaded in such motion, if true, furnish strong reason why appellant should not be granted his review, but such facts are of no more probative force than if pleaded in defendant's answer. The motion gives the court no power to assume them true and cut off the plaintiff from attempting to prove his case.

▮ A part of the facts alleged in the motion to dismiss were matters of judicial procedure in the original suit and process thereunder, of which the trial court might, if the allegations were true, take judicial knowledge. But this court does not take judicial knowledge of proceedings in a civil suit in the district court and we have no way of knowing whether the trial court took judicial knowledge of such proceedings, or whether any such proceedings existed as a basis for the court's action. Appellee's pleading them does not prove them.

The judgment of the trial court is reversed and the cause remanded.