**CAPERTON et al. v. THORPE,**
**County Attorney, et al.**
**No. 2855.**

Court of Civil Appeals of Texas.
Eastland.
Feb. 9, 1951.

Pichinson, Davis & Hale, Snyder, for appellants.

Frank R. Day, Plainview, Sentell, Beene & Rosser, Snyder, for appellees.

PER CURIAM.

Contestants filed this suit challenging the conduct and result of an election held in Scurry County on April, 1, 1950, on the proposition of whether or not bonds should issue in the sum of $400,000.00 for the purpose of building and equipping a county hospital. At said election 837 voters favored the proposition and 603 were against it. Upon a trial judgment was entered sustaining said election. Contestants have appealed.

This suit was filed on May 9, 1950, and the answer of Contestees was filed on May 31, 1950. The Contestees excepted to Contestants' petition. The exceptions were not presented to nor acted upon by the court until the day of the trial.

Contestants, in their original petition, alleged that 370 ·people voting at said election were disqualified to vote therein. They attached to such petition Exhibit A containing the names of the alleged illegal

voters. Contestants further alleged that there were numerous persons other than those named in Exhibit A who voted in said election who were not qualified to vote therein. Contestees, by their special exception No. 1, objected to the general allegation contained above on the ground that Contestants should be required to supply names of all voters to be challenged.

On the day of the trial, Contestants filed their first amended original petition and attached thereto an exhibit which contained the names of 679 persons whom they alleged voted in said election without being qualified to do so. Contestees objected to the filing of said first amended original petition on the ground that it came too late and the court sustained such objection and ordered such amended petition stricken from the record. Contestees then, for the first time, presented their special exceptions to the court that had theretofore been filed. The court sustained special exception No. 1 along with other exceptions which need not be mentioned here. Contestants immediately asked leave of the court to amend in order to meet said exception, and thereupon tendered to the court their first amended original answer for filing. The court permitted Contestants to file their amended petition but struck therefrom Exhibit A which contained the names of 679 persons alleged to have voted illegally at said election. To the action of the court in refusing to allow the filing of the amended petition containing 679 names of persons alleged to have voted illegally, Contestants duly excepted.

The case proceeded to trial and at the conclusion of the evidence it was determined by the court that Contestants failed to prove the disqualification of enough people voting in the election to change the result thereof. Contestants, by various points, contend the trial court erred in refusing to allow them to amend their petition in order to meet the exception sustained by the court.

We have concluded that Contestants' position is well taken. It will be observed that when Contestants filed their original petition they alleged that 370 persons had voted illegally and that there were other persons voting in said election whose names were unknown to the Contestants who were not entitled to vote therein.

Contestees excepted to that portion of the petition but until said exception was sustained by the court, Contestants could have, under their general allegations, offered proof that these additional persons had voted illegally at such election. However, when the trial court sustained the exception to such pleading, Contestants were cut off from making this proof.

The rule in Texas with reference to amendments after an exception has been sustained, is clearly stated in 33 Tex. Jur. page 596, as follows: "When an exception to some part of a pleading is sustained, that part, for purposes of the trial, is eliminated. The party from whose pleading a part has been stricken by the exception may then, and usually does, apply for leave to amend, and such an application is granted as of course when seasonably made."

Again, in 15 Tex.Jur. page 279, we find the following language: "Before a pleading may be dismissed for want of form or for other defectiveness, the party affected thereby must have had his opportunity to amend; that right is mandatory."

It seems to be the settled law in Texas that if the pleadings are still open for action on exceptions, they are equally open for amendments thereto. Goodrich v. Bell, Tex.Civ.App., 62 S.W.2d 199; Jago v. Indemnity Ins. Co., 120 Tex. 204, 36 S.W. 2d 980; Smith v. Hood, Tex.Civ.App., 143 S.W.2d 646; Andrade v. Donnelly, Tex.Civ.App., 70 S.W.2d 256.

The Contestants in the case at bar immediately after the trial court had sustained exceptions to their petition, asked leave of the court to file an amended petition which would cure the defects pointed out in the exception. Furthermore, if the exception had been allowed and Contestants had been permitted to file their amended petition in which 679 persons were named as having voted illegally at such election, if Contestants were able to

make proof of such number of illegal votes the result of the election would have been changed and Contestants would have been entitled to a judgment holding the election void. It will thus be seen that Contestants were deprived of their day in court by the refusal of the trial court to allow the filing of the amended petition. We believe the learned trial court was in error under the circumstances in refusing to allow Contestants to amend their pleadings.

■ Upon the trial of this case the trial court ruled that a voter was qualified to vote in the election if he rendered his property for taxation either in the year 1949 or 1950. The Contestants contend that only those people who had rendered their property for taxes in 1950 were qualified voters in such election. Our Constitution, Art. 6, Sec. 3a, Vernon's Ann.St., provides that only qualified electors who own taxable property in the county where such election is held and who have duly rendered the same for taxation shall be qualified to vote. We believe the trial court correctly ruled that a person who had rendered his property either in 1949 or 1950 was a qualified voter. This is the only reasonable construction of the law. The law permits owners of property to render their taxes through April 30th of any given year under Art. 7151, Revised Civil Statutes 1925, Vernon's Ann.Civ.St. art. 7151. It will, therefore, be seen that if the election had been called on January 2, 1950, there would have been many people who regularly rendered their property within the time prescribed by statute and who were otherwise qualified to vote in the election but who had not rendered their property for taxes in 1950 and would not have been allowed to vote in the election.

■ By other points, Contestants contend the trial court erred in refusing to limit the qualification of voters based solely on tax renditions made by him or his agent. In other words, it was the contention of Contestants that it was necessary for a voter, before he was qualified to vote at this election, to have personally or through his agent, rendered his prop-

erty for taxes; that he was not qualified if his name appeared on the unrendered rolls in the county. We do not agree with this contention. We hold that an elector, who in all other respects is qualified to vote at an election, cannot be deprived of his right to vote if his property is on the tax rolls and he is liable for the payment of such taxes, even though he did not make the rendition. Campbell v. Wright, Tex.Civ.App., 95 S.W.2d 149; Texas Public Utilities Corporation v. Holland, Tex.Civ.App., 123 S.W.2d 1028; Hanson v. Jordan, 145 Tex. 320, 198 S.W.2d 262.

The other points raised by Contestants become immaterial under the view we take of this case and it is not necessary for us to pass upon them.

The judgment of the trial court is reversed and the cause remanded.