**Ruth Goldie STOWE, Appellant,**

v.

**John Luther BALDWIN and wife, Mollie Baldwin, Appellees.**

**No. 13141.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 6, 1957.

944

Wade & DuBose, Corpus Christi, for appellant.

Ralph J. Graham, Corpus Christi, for appellees.

POPE, Justice.

This cause originated as an action to declare a minor child dependent and neglected. The case developed into a custody fight between petitioner, Ruth Goldie Stowe, and the child's parents, John and Mollie Baldwin. The court concluded that the child was not dependent nor neglected and ordered the child returned to her parents. The only complaint is that the trial court denied petitioner's request to call the mother as an adverse party under Rule 182, Texas Rules of Civil Procedure.

Petitioner, Stowe, has not been able to point to any harm which she suffered. The court's findings of fact state that John Baldwin was not called at all, that Mollie Baldwin later appeared as a witness, and that petitioner then cross-examined her fully as a hostile witness. In passing on prejudicial error, the court may consider the whole record and when we do that we conclude that the error was harmless.

Petitioner argues that the denial of the right accorded by Rule 182, T.R.C.P., is itself the harm, though we are not advised what that harm in fact may be. That was the unfortunate construction, known as presumed error, which was given to the old Rule 62a, discussed in Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822, where the court held that the violation of a statutory rule was itself prejudicial. The day of presumed harm is over. Under Rule 434, T.R.C.P., appellant must show such a denial of a right as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment.

The judgment is affirmed.