Louis **COUDER** et al., Appellants,

v.

Modesto **GOMEZ** et al., Appellees.

No. 5578.

Court of Civil Appeals of Texas.

El Paso.

Sept. 18, 1963.

Rehearing Denied Nov. 6, 1963.

Second Motion for Rehearing Overruled
Nov. 27, 1963.

Edwards, Belk, Hunter & Kerr, El Paso, for appellants.

Scott, Hulse, Marshall & Feuille, Taylor Nichols, Holvey Williams, El Paso, for appellees.

PRESLAR, Justice.

This is a suit for damages, actual and exemplary, in which it is alleged that three defendants—Gomez, Pedregon, and Eger—conspired together to convert the respective interests of the plaintiffs in a wholesale merchandising business in El Paso, Texas. On the day of trial the court sustained special exceptions of the defendant Eger, overruled the special exceptions of the other defendants, and dismissed the defendant Eger from the lawsuit on the grounds that the plaintiffs' pleadings were inadequate as to such defendant. Plaintiffs filed a motion for leave to file a trial amendment, which was denied by the court, and plaintiffs then sought to withdraw their announcement of "ready", and that was denied by the court. At the conclusion of the plaintiffs' evidence the court directed a verdict for the remaining defendants.

Plaintiffs, as appellants, allege eleven points of error, the first four of which relate to the trial court's action in sustaining the special exceptions of the defendant Eger, dismissing him from the suit, refusing the motion for leave to file trial amendment, and refusing plaintiffs' request to withdraw their announcement of "ready". Remaining points of alleged error complain of the court's action in directing a verdict.

We have considered all eleven points of alleged error, but are of the opinion that our view of Point II requires a reversal of the trial court's decision and makes a new trial necessary. In as much as this adds the defendant Eger to any new trial, it would serve no purpose to make findings as to the other points of error complained of on this appeal.

Point II is as follows:

"The court erred in denying the plaintiffs the right to file their Trial Amendment presented shortly after the court sustained the special exceptions made to plaintiffs' Third Amended Original Petition by defendant Albert Eger on the morning of trial."

Rule 63, Texas Rules of Civil Procedure, provides:

"Parties may amend their pleadings, file suggestions of death and make representative parties, and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any amendment offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party."

By the terms of the Rule there are no restrictions on amendments prior to the seven days before trial, and we are not concerned with that portion of the Rule in a determination of this case.

Much has been written about that portion of the Rule where "leave" of the court is required before amendment. Expressions are many that it is within the sound discretion of the trial court (46 Tex. Jur.2d 207): "Hence it is well settled that after announcement of ready the granting of leave to amend is ordinarily within the discretion of the court, this discretion being so exercised as to attain the ends of justice." Cases too numerous to need mention have been decided on the question as to whether the trial court did or did not abuse its discretion in allowing or disallowing amendment at various stages of trial and under greatly varying circumstances.

As to the circumstances of the case before us, where leave to amend is sought to meet sustained exceptions, it has been held that amendment of pleadings is mandatorily

permissible. Caperton v. Thorpe, Tex.Civ. App., 240 S.W.2d 329 (East.1951); Schepps v. American District Telegraph Co. of Texas, Tex.Civ.App., 286 S.W.2d 684 (Dal.); 20 Tex.Jur.2d 210.

The latest such expression is Leonard v. Maxwell, Tex.Civ.App., 356 S.W.2d 335 at 343 (Aus.1962), which was reversed by the Supreme Court on other grounds, but specifically not passing on this point. (365 S.W.2d 340). We would be reluctant to hold that the right to amend under such circumstances is absolute, and believe that the cases can be distinguished so that they do not pronounce such a blanket rule. To say such right was absolute, or mandatorily permissible to meet exceptions, would take control away from the court and permit amendment-exception, amendment-exception, without end. Rather, we believe it to be the law that in cases where leave to amend is sought to meet special exceptions it rests within the discretion of the trial judge, subject to review for abuse of such discretion. We believe the case before us shows an abuse of discretion when the record is reflected against the wording of the Rule: "* * * which leave shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party."

The case before us had been on the docket some seven months before it was tried. Previously, a judge other than the one who tried it had sustained special exceptions to the plaintiffs' pleadings, and some two weeks prior to trial date plaintiffs filed their Third Amended Original Petition. Defendants promptly amended their respective answers in which special exceptions were again leveled at plaintiffs' pleadings. On the day of trial these exceptions were considered, and the judge, at 12:00 noon, announced his ruling sustaining the exceptions of the defendant Eger. At 2:00 P. M., prior to the selection of the jury, plaintiffs filed their motion for leave to amend, and tendered the trial amendment. The court denied leave to amend. The ten-

dered amendment was not considered as to its merits or adequacy; leave to file it was simply denied. Therein, we believe, is found the error in the court's action. Hindsight, a tool of the appellate courts, now shows us the wisdom of disposing of special exceptions prior to the day of trial, but it is not always convenient to the business of a busy court to do so. Since it was not done, and the parties appeared and announced ready for trial, only to have exceptions sustained and a party defendant removed from the case, we think plaintiffs should have been given the opportunity to see if they could state a cause of action against the defendant. What they had to say in the trial amendment should have been considered before forcing them to trial. They may not have been able to state a cause of action, but they should have had the opportunity to try, under all the circumstances. We do not pass on the adequacy of the tendered amendment, for it is not before us, since the trial court did not rule on its adequacy. The mandatory language of the Rule is that the judge "shall" grant leave to amend unless there is a showing of surprise to the opposite party. Whether there is surprise or not depends largely on the time or stage of the trial at which the amendment is offered. We agree with what was said by the Eastland court, in Caperton v. Thorpe (supra):

> "It seems to be the settled law in Texas that if the pleadings are still open for action on exceptions, they are equally open for amendments thereto. Goodrich v. Bell, Tex.Civ.App., 62 S. W.2d 199; Jago v. Indemnity Ins. Co., 120 Tex. 204, 36 S.W.2d 980; Smith v. Hood, Tex.Civ.App., 143 S.W.2d 646; Andrade v. Donnelly, Tex.Civ. App., 70 S.W.2d 256."

Other elements of surprise would have to come from the contents of the proffered amendment, and it is difficult to see how there could be the required "showing" of surprise without an examination of the amendment itself. Appellees argue (and cite authority) that the trial court was jus-

tified in sustaining the exceptions and refusing leave to amend because plaintiffs had filed numerous pleadings in the case, and exceptions had been sustained to one of these prior pleadings. This is persuasive on the point that the trial court should be allowed to control the orderly dispatch of the business of the court, but such argument is based on what is sometimes a false premise; viz., that since the plaintiff has not stated a cause of action in the past, he will not be able to state one in the future. This strengthens our view that the matter should rest in the discretion of the trial court, but does not change our view that such discretion was not properly exercised in the instant case.

The judgment of the trial court is reversed and the cause remanded.

## On Motions for Rehearing

 All parties have moved for rehearing. Appellee Eger points out that this court erred in our holding that we could not consider the proffered trial amendment because it had not been considered by the trial court. In that he is right—we should have considered it. The trial court did not pass on the adequacy of the amendment to state a cause of action, but such amendment is in the record before us, none of the parties have objected to its being there, and no move has been made to strike it. We feel that we erred in our original holding, for we are bound to consider the entire record to determine whether the trial court's action in refusing the amendment was harmless error under Rule 434, Texas Rules of Civil Procedure. Maddox v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 293 S.W.2d 499 (ref., n. r. e.); Stowe v. Baldwin, Tex. Civ.App., 298 S.W.2d 943; Bashrum v. Vinson, Tex.Civ.App., 330 S.W.2d 538; 1018–3rd St. v. State of Texas, Tex.Civ.App., 331 S.W.2d 450. Under Rule 434, an appellate court cannot reverse a trial court for an error of law unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. To discharge our duty under that rule in the instant case, it is necessary that we examine the tendered amendment. That we have done, and we conclude that it fails to state a cause of action against the defendants. We adhere to our original opinion that the denial of the right to amend was error, but since the tendered amendment was likewise defective, such error cannot be said to have caused the rendition of an improper judgment.

 It now becomes necessary to consider appellants' points of error V through XI, relating to the action of the trial court in directing a verdict for the defendants at the conclusion of the plaintiffs' evidence. Under such circumstances, the correctness of the ruling depends on whether or not, under the theory of recovery relied on by plaintiffs, there is at least one fact proposition constituting a component element, asserted by the plaintiffs, as to which the plaintiffs' evidence is so meager that reasonable men could not differ as to the conclusion that such proposition is not established. This court must view the evidence in the light most favorable to the plaintiffs, and every intendment reasonably deducible from the evidence must be indulged in plaintiffs' favor. Anglin v. Cisco Mortgage Loan Co., Tex.Civ.App., 135 Tex. 188, 141 S.W.2d 935; Fender v. Farr, Tex. Civ.App., 262 S.W.2d 539; Mellette v. Hudstan Oil Corp., Tex.Civ.App., 243 S.W.2d 438 (El Paso, n. r. e.). So viewed, if the evidence amounts to more than a scintilla—that is, more than a mere suspicion or speculation that the fact exists—then an issue is raised. Conversely, mere surmise or suspicion is insufficient to raise an issue. Green v. Texas & P. Ry. Co., 125 Tex. 168, 81 S. W.2d 669; City of Houston v. Scanlan, 120 Tex. 264, 37 S.W.2d 718. Viewing the evidence in this case in the above light, we are of the opinion that the trial court was not in error in directing a verdict for the defendants.

Plaintiffs brought suit for the conversion of some interest of theirs in a merchandising business. It was incumbent on plaintiffs to prove all of the elements of conversion. The action of the trial court was correct if there was no evidence, or no more than a scintilla of evidence, on any one element. One necessary element would be that plaintiffs had some property right or interest which could be the subject of the conversion. While there is much evidence of interests of various natures and kinds at different times, it is noted that by agreement all assets were turned over to defendant Gomez. There is no evidence that he wrongfully obtained any of the merchandise for his own use to the exclusion of the plaintiffs. There is evidence that he bought some merchandise at a reduced price, but there was evidence that that was the usual procedure of that arrangement, so that raises evidence of the possibility of surmise or suspicion of conversion, but no more, and that, only as to the value in excess of the price paid. The assets having been placed with Gomez, the only other act of conversion could be in his act of turning over all of the remaining assets to the defendant Pedregon and her mother, and not returning to plaintiffs such interest as might be theirs. What interests or property plaintiffs had at that time would be the subject of the alleged conversion. There is no evidence of what plaintiffs' interest was at that time. There was evidence of debt, but this was not a suit for collection of such debt.

Another element necessary to establish plaintiffs' suit for conversion is the element of damages, the value of the converted property or interests. What has been said above applies to the value of plaintiffs' interest at the time of their conversion. There was no evidence of the values at such time. While proof of nominal damages would suffice to prevent a directed verdict, such is not the case here, for the nominal damages claimed by plaintiffs is the debt.

Having determined that the action of the trial court in refusing the trial amendment was harmless error, and that the trial court was not in error in directing the verdict for defendants, we now affirm the judgment.

All motions for rehearing having been considered the appellants' motion to reverse the action of the trial court in directing a verdict is denied, and appellees' motions to affirm are granted.