Frank J. COULSON et al., Appellants,

v.

John DAVID, County Attorney, Appellee.

No. 7476.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 25, 1965.

Rehearing Denied March 1, 1965.

Frank D. McCown, Dumas, for appellants.

John L. David, County Atty., Dalhart, for appellee.

DENTON, Chief Justice.

This is a contest of a school bond election held by the Texline Independent School District in Dallam County, Texas. Appel-

lants, resident taxpayers of the school district brought this suit contesting the validity of the election held May 23, 1964, on the proposition of whether or not bonds should issue in the amount of $500,000.00 for school building purposes. The election resulted in 206 votes favoring the proposition and 127 were against. The trial court, without a jury, entered judgment sustaining the election.

The facts are largely undisputed. The petition to call the election was presented to the school district Board of Trustees on April 27, 1964. The petition contained signatures of 98 people representing themselves to be taxpaying voters of the school district. Upon the presentment of the petition, the trustees thereupon called the election for May 23, 1964, which resulted in the votes stated above. Of the 98 petitioners 86 had either rendered their property or their property had been rendered for them for the year 1963. These 86 petitioners were on the tax rolls for the year 1963 and were otherwise qualified voters. It is further undisputed that only 19 people, who were otherwise qualified to vote, had rendered their property during the year 1964 up to April 27. Of the 19 who rendered their property in 1964, 7 signed the petition requesting the bond election. The school district tax assessor had not rendered anyone's property for the year 1964 prior to the date of the petition. Thus only 19 school district residents had property rendered for 1964 up to the date the election was called.

The primary question presented is the validity of the petition requesting the election. If the petition is held to be valid, the contestants concede the election should be sustained. The record shows that of the 19 who rendered property in 1964, 12 voted in favor of the issuance of the bonds, 6 voted against, and 1 ballot was mutilated. Article 2785, Vernon's Ann.Civ.St., provides in part:

"Before an election is held to determine the proposition of the levy of such tax or the issuance of such bonds, a petition therefor, signed by twenty (20) or more, or a majority of those entitled to vote at such election, shall be presented to the County Judge of the county if for a common school district, and to the district trustees if for an independent school district."

The contestants take the position the petition was void in that there were only 19 persons "entitled to vote at such election" at the time the petition was presented, and since only 7 of those 19 signed the petition, the provisions of Article 2785 were not complied with. They argue that since only 19 property owners had rendered their property for 1964 up to April 27, they were the only ones "entitled to vote at such election" which was called for and held on May 23, 1964. That is to say, the only persons qualified to sign the petition were the 19 who had rendered their property for taxes in 1964.

The law permits property owners to render their property for taxes between January 1 and April 30 of each year. Article 7151, V.A.C.S. Article 5.03 of the Election Codes, V.A.T.S., provides in part:

"When an election is held by any county, or any number of counties, or any political subdivision of the State, or any political subdivision of a county or any defined district now or hereafter to be described and defined within the State, * * * for the purpose of issuing bonds or otherwise lending credit, or expending money or assuming any debt, only qualified electors who own taxable property in the State, county, political subdivision, district, city, town or village where such election is held, and who have duly rendered the same for taxation, shall be qualified to vote * * *. Property shall be deemed to have been duly rendered for taxation, for the purpose of determining eligibility to vote in an election as provided in this Code and in Article VI, Section 3a of the Constitution of this State, only if the property was ren-

dered to the county, city, district, or other political subdivision holding the election within the period of time fixed by law for such rendition, or was placed on the tax rolls by the tax assessor prior to the date on which the election was ordered, if the regular rendition period expired before that date."

At the time the election was called there remained three days in which property owners could render their own property. It is uncontradicted that the 86 signers of the petition had rendered their property in 1963 and were otherwise qualified to vote. The question then is whether or not these 86 petitioners were qualified voters at the time the petition was presented on April 27. To be qualified voters they must have "duly rendered the same [taxable property] for taxation." Article 5.03. This article provides:

"Property shall be deemed to have been duly rendered for taxation, for the purpose of determining eligibility to vote in an election * * * only if the property was rendered to the * * * district, or other political subdivision holding the election within the period of time fixed by law * * * or was placed on the tax rolls by the tax assessor prior to the date on which the election was *ordered,* if the regular rendition period expired *before that date."* (Emphasis added)

At the time this election was ordered on April 27 the regular rendition period had not expired; therefore the provisions of the article relating to rendition by the tax assessor would have no application under the facts of this case. In Caperton *v. Thorpe,* (Tex.Civ.App.), 240 S.W.2d 329, contestants in a school bond election contended only those people who had rendered their property for taxes in 1950 were quali-

fied to vote in the election held April 1, 1950. The court overruled this contention and held that those who had rendered their property either in 1949 or 1950 were qualified voters in that election. The Court held:

"This is the only reasonable construction of the law. The law permits owners of property to render their taxes through April 30th of any given year under Art. 7151, Revised Civil Statutes 1925, Vernon's Ann.Civ.St., art. 7151. It will, therefore be seen that if the election had been called on January 2, 1950, there would have been many people who regularly rendered their property within the time prescribed by statute and who were otherwise qualified to vote in the election but who had not rendered their property for taxes in 1950 and would not have been allowed to vote in the election."

We think this holding is applicable to the facts of this case. The 86 petitioners were qualified voters at the time the petition was presented on April 27. To hold otherwise would place an unreasonable burden on the Board of Trustees or other governmental bodies to determine the probability of voter eligibility when an election petition is presented within this four-month period and the election is held after April 30. Being of the opinion the 86 petitioners were qualified to sign the petition at the time it was presented, we conclude the petition was valid under the existing election laws.

Contestants further contend the Board of Trustees acted unreasonably in determining the sufficiency of the petition. In view of our holding the petition was valid, these points of error are not material. They do not present reversible error.

The judgment of the trial court is affirmed.